[No. 2362.]

## John Parker *v.* The State.

1. PRACTICE—ACQUITTAL.—It is a well settled principle of law in this State that if a defendant upon trial for the higher grade of an offense consisting of degrees is convicted of an inferior grade of such offense, such convic-

tion operates as an acquittal of all the grades higher than that for which the conviction was had, and will bar subsequent prosecution for any of such higher grades.

2. SAME—MURDER—MANSLAUGHTER—CHARGE OF THE COURT.—The rule of practice in this State requires that the charge of the court shall be limited to *the case on trial.* The former conviction in this case being for manslaughter, it operated an acquittal of murder both of the first and second degrees It was error, therefore, to charge the jury upon the law applicable to murder of the first and second degrees. Manslaughter being the offense for which the defendant was on trial, to that should have been limited the charge of the court, in as much as, though a grade comprehended in a charge of murder, it is nevertheless a different offense than murder, and its definition is not dependent upon a definition of murder. See the opinion *in extenso* on the question.

3. SAME.—Moreover, the charge in this case is radically erroneous· in that, · having charged the law of murder of the first and second degrees, and informed the jury that they could not convict of a higher grade of homicide than manslaughter, the trial court instructed the jury, if they believed from the evidence that the defendant was guilty of either degree of murder, they could find him guilty of manslaughter. This doctrine is not warranted by the rule that a verdict for an inferior grade will not be set aside because the evidence showed a higher grade of offense. See the opinion on the question.

4. SAME—SELF DEFENSE.—That a party whose person is unlawfully attacked is not bound to retreat in order to avoid the necessity of killing his assailant is made by Article 573 of the Penal Code a part of the law of self defense. Evidence tending to show such an unlawful attack upon the part of the person killed devolves upon the trial court the duty of charging the principle announced, because it becomes a part of the "law of the case."

5. SAME—VERDICT.—Note the opinion for a suggestion of this court respecting verdicts arrived at by lot, and the duty of trial courts in the premises.

APPEAL from the District Court of Fannin. Tried below before the Hon. D. H. Scott.

This is the appellant's second appeal from a conviction for manslaughter under an indictment which charged him with the murder of John Webb, in Fannin county, Texas, on the fourteenth day of December, 1883. A term of two years in the penitentiary was the penalty assessed against him. The evidence adduced upon this trial was substantially the same as that adduced upon the previous trial, which will be found set out in full in the report of the former appeal, commencing on page 72 of the eighteenth volume of these Reports.

*Taylor & Galloway*, for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. I. It is objected to the charge of the court that it explains the elements of murder in both degrees, when the defendant was on trial for manslaughter only, having on a previous trial been acquitted of murder. It is well settled that when a defendant is tried for the higher grade of an offense, and is convicted of a lower grade, the conviction operates as an acquittal of all grades of the offense higher than the one of which he is convicted, and he can not again be tried for such higher grades. (Lopez v. The State, 2 Texas Ct. App., 204; Cheek v. The State, 4 Texas Ct. App., 444; Jones and Jones v. The State, 13 Texas, 168.) In his charge to the jury the judge explained fully murder in the first and second degrees, and man-slaughter, but told the jury that the defendant was on trial for manslaughter, and that he could not be convicted of a higher grade of homicide than manslaughter, but that, if they believed from the evidence that he was guilty of either murder in the first or second degree, or of manslaughter, they should find him guilty of manslaughter.

It is made the duty of the trial judge to "deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case." (Code Crim. Proc., Art. 677.) The offense charged against the defendant, and for which he is on trial, is the *case* to which the charge must be applicable. (Kouns v. The State, 3 Texas Ct. App., 13; Stanfield v. The State, 43 Texas, 167.) In this case the offense charged against defendant, and for which he was being tried, was *manslaughter,* not *murder,* and only the law applicable to manslaughter should have been submitted to the jury. A charge which extends beyond a plain statement of the law of the case being tried is not such a charge as the law requires, and may or may not be materially erroneous. (Rice v. The State, 3 Texas Ct. App., 451.) A charge should meet and be limited by the case on trial, and should never go outside of and beyond it. (Tooney v. The State, 5 Texas Ct. App., 163; Harrison v. The State, 8 Texas Ct. App., 183.) It was not at all necessary to instruct the jury concerning murder, for the purpose of enabling them to understand the law relating to manslaughter. Manslaughter is distinctly defined and explained by our code, and its elements are essentially different from those of murder. (Penal Code, Art. 593 *et seq.*; Jennings v. The State, 7 Texas Ct. App., 350.) All that the court was called upon

to submit to the jury in this case was the law of manslaughter, because that was the offense charged; that is, the offense for which the defendant was put upon trial. True, the indictment charged murder, but he had been acquitted of that offense, and on this trial was charged with and on trial for manslaughter only, and the case must be viewed as if the indictment charged manslaughter only. It was therefore error, we think, to go beyond the law of manslaughter in charging the jury, and was calculated to confuse and mislead the jury, by drawing their attention away from the real issue in the case to issues which were not legitimately before them.

This portion of the charge is still more objectionable, in that it instructs the jury that, if they believe the defendant is guilty of murder in either degree, they will find him guilty of manslaughter. Defendant had been acquitted of murder, and this acquittal was a bar to any further prosecution for that offense, and yet the jury are told that if the evidence shows defendant to be guilty of murder they may punish him for said offense, not by finding him guilty of murder according to the evidence, but by calling his offense manslaughter and finding him guilty of that offense. In other words. the jury are told that, although defendant has been acquitted of murder and can not be punished for that offense *eo nomine*, yet, if they believe from the evidence he did commit murder, they may call it manslaughter and punish him as for that offense.

It seems to us that this doctrine, if correct, would deprive the defendant in a great measure of the benefit of his acquittal of murder. He would still be punishable for an offense of which he had been acquitted, which would be a result which the law does not contemplate or tolerate.

It seems to us that, as the defendant has been acquitted of murder, he can only be tried and convicted of manslaughter. If the evidence shows that he is guilty of murder, he can not be convicted of that offense, because he has been tried therefor and acquitted. He can not be convicted of manslaughter, because if guilty of murder he is not guilty of manslaughter, the two offenses being essentially different, although grades of homicide. It is true that when the indictment charges murder, and the defendant is on trial for that crime, he may be convicted of any grade of homicide, and if convicted of a lower grade than murder in the first degree, the conviction will not be set aside because the evidence proves that he is guilty of a higher grade than the

one of which he is convicted. (Baker v. The State, 4 Texas Ct. App., 223; Powell v. The State, 5 Texas Ct. App., 234.) But here the defendant was not on trial for murder, and could not be convicted of murder, and yet the court tells the jury to convict him if he is guilty of murder—to convict him, however, not of murder, the offense which the evidence may show him to be guilty of, and for which he is not on trial, but of another offense, which he has not committed, to wit, manslaughter.

There is a marked difference between this case and the case of a defendant charged with and on trial for murder. Every indictment for murder includes manslaughter, and the jury may acquit of murder and convict of manslaughter, at their discretion. But manslaughter does not include murder, and a party charged with and on trial for manslaughter can not be convicted of murder, and especially of a murder of which he has been acquitted. We must hold that the portion of the charge which we have been discussing is materially erroneous and was calculated to injure the rights of the defendant, and although not excepted to at the time of the trial, it was made a ground for a new trial, and was thus called to the attention of the trial judge, who should have granted a new trial because of such error.

II. There is another defect in the charge of the court relating to the law of self defense. Article 573 of the Penal Code, which provides that a party whose person is unlawfully attacked is not bound to retreat in order to avoid the necessity of killing his assailant, is a part of the law of this case as made by the evidence, and should have been given in charge to the jury. (Bell v. The State, 17 Texas Ct. App., 538: Arto v. The State, 19 Texas Ct. App., 126; Hunnicutt v. The State, 20 Texas Ct. App., 644.) This omission in the charge was not excepted to, nor was it sought to be supplied by a requested instruction at the time of the trial. It is called to the attention of the court for the first time in the motion for a new trial. Whilst we might not feel called upon to set aside this conviction upon this error alone, still we think the court committed an error in failing to inform the jury of this important provision of the law of self defense.

III. A serious attack was made upon the verdict of the jury, in defendant's motion for a new trial. It is charged by defendant that the verdict was arrived at by ballot, with the understanding and agreement among the jurors that a majority of the ballots cast should determine the guilt or innocence of the

defendant, and also his punishment at confinement in the peni-
tentiary for two years, should he be found guilty. This attack
upon the verdict is supported by the affidavits of two of the jurors,
who tried the case. By the affidavits of several other members
of said jury, the district attorney attempted to controvert or ex-
plain away the affidavits supporting defendant's motion. The
motion was overruled by the court, and we shall not inquire into
or determine the correctness of said ruling, as it is not necessary
to a disposition of the case that we should do so.

We will take occasion to remark, however, that a verdict
should always be a fair expression of the opinion of the jury,
and courts should be careful to protect the sanctity of trial by
jury, by promptly setting aside verdicts which are shown to have
been arrived at by lot, or in any other unfair manner, or which
are tainted by unfair influences brought to bear upon the minds
of the jury.

Because of the error in the charge first mentioned, the judg-
ment is reversed and the cause is remanded.

<em>Reversed and remanded.</em>