T. Sims, in error, v. The State of Florida—Argument of Counsel.

T. SIMS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

An information filed by the Prosecuting Attorney of the Criminal Court of Record of Lake county in the office of its Clerk, *in vacation*, does not authorize the Clerk to issue a warrant for the arrest of the person so accused of crime, nor do such proceedings give the Judge of that court power to fix the bail for the person arrested on a warrant thus issued; and a person so held by the Sheriff is deprived of his liberty without due process of law, and is entitled to be discharged on *habeas corpus*.

Writ of Error to the Circuit Court for Lake county.

The facts of the case are stated in the opinion.

*A. St. Clair-Abrams, for Plaintiff in Error.*

On the 4th of March, T. Sims, of Tavares, was arrested on a warrant purporting to have been issued from the Criminal Court of Record of Lake county, charging him with embezzling the funds of the Florida Central and Peninsular Railroad Company. The authority for this warrant was an information filed by the County Solicitor of Lake county on the same day, and purporting to have been presented at the April term of the court. Sims was

7

required to give bond in the sum of $2,500, and failing so to do, was lodged in jail; he applied for a writ of *habeas corpus* to the Circuit Judge of the Seventh Judicial Circuit, who, on the hearing, refused to permit any testimony to be taken, or to inquire into the cause of his defense, but dismissed the writ and remanded the plaintiff in error to the custody of the sheriff.

We insist that the record shows the information was filed illegally, and the warrant issued without authority of law. The record shows when the information was filed and the warrant issued, the Criminal' Court of Record of Lake county was not in session.

The County Solicitor has no authority to file informations in vacation, The only authority he possesses is to compel the attendance of witness before him to testify as to the commission of any offenses against the criminal laws of the State. He is not vested with the power of a committing magistrate. If, during vacation, he deems it necessary in the administration of justice to secure the arrest of any one charged with crime, his duty would be to apply to a Justice of the Peace or the County Judge for a warrant, so that the accused person may, if he desires to, obtain a preliminary hearing.

See Section 9, Chapter 3934, Laws of 1889; Also see Sections 9 to 13, Chapter 3731, Acts of 1887.

Until the enactment of Chapter 3731, of the acts of 1887, there was no statute in this State regulating criminal proceedings by information, and this deficiency in the law was referred to by the Supreme Court of this State, in the case of King vs. State, 17 Fla., 187. Under the common law, however, an information was only filed in open Court, but by the act of 1887 all question was set at rest by the pro-

visions of Section 13, which required that " all offences triable in the Criminal Court of Record, shall be prosecuted upon informations filed by the County Solicitor under oath, and the same rules of practice and pleadings that now obtain as to indictments shall obtain as to informations." It follows, therefore, that an information filed in vacation does not follow the rules of practice and pleading that obtain as to indictments. The practice as to indictments require that the same shall be presented in open Court, and during a session of the Court; the fact of such presentment must be entered in the minutes of the Court. And the clerk of the Court would have no power to file an indictment not so presented, neither could he issue a warrant thereon.

> See Section 10, Chapter 3934, Acts of 1889; Hoover vs. State, 110 Ind., 350; King vs. State, 17 Fla., 187.

The filing of the information and the institution of the prosecution in vacation, and more than a month before the Criminal Court of Record of Lake County could meet in session, was in conflict with the acts of 1887 and 1889. The issue of the warrant was illegal. The clerk of the Criminal Court of Record had no more authority to issue a warrant on the information so filed than would a clerk of the Circuit Court of any county in this State have to issue a warrant on an indictment handed to him by a member of the grand jury two weeks after the Circuit Court had ad journed. Neither the filing of the information, nor the issue of the warrant was by due process of the law, and hence the arrest of petitioner was a violation of Section 12 of the Bill of Rights of our Constitution, as it deprived the petitioner of his liberty without due process of law.

An information to be valid must be filed while the Criminal Court of Record is in session.   It must be presented in open Court, and the fact of such presentment must appear on the minutes of the Court, as in cases of presentment by indictment.

See Chapters 3731 and 3934 already quoted.

The arrest of petitioner in the manner set forth without affording him an opportunity for a preliminary hearing, and the refusal of the Court below to inquire into the cause of his detention, constitute a violation of the Constitutional rights of the plaintiff in error, as it directly deprives him of the right " to demand the nature and cause of the accusation against him."    Section 11 Declaration of Rights, Constitution of 1885.

The Court below clearly erred in refusing to inquire into the cause of the detention of Sims ; it was mandatory for him to have heard the evidence, and either discharged, bailed or remanded petitioner in compliance with the statutes of this State and the adjudications of this Court.

Finch vs. State, 15 Fla., 633 ; Benjamin vs. State, Fla., rendered 1889.

Upon the record as brought before this Court, the Court below should have discharged the petitioner, there being nothing in the record to show probable cause, or to show that he was deprived of his liberty by due process of law. See acts already quoted; also *Ex-parte* Dennis Eagan, 18 Fla., 254; McClellan's Digest, pages 563-4, Sections 3 and 7.

*Attorney General, for Defendant in Error.*

RANEY, C. J. :   This is a writ of error to a judgment rendered by the Circuit Judge of the Sixth Circuit in a *habeas corpus* proceeding.

It appears that the County Solicitor of Lake county, who is the prosecuting officer in the Criminal Court of Record of that county, filed in the office of the clerk of that court on the fourth day of the present month, March, an information charging the plaintiff in error with having embezzled $2,100.60, the property of the Florida Central and Peninsular Railroad Company, a corporation under the laws of this State, and on the same day a warrant was issued by the clerk commanding the sheriff to arrest Sims, and have him before the Judge of the above Criminal Court of Record, at the court-house at Tavares, on the eighth day of April of the present year, to answer the State on an information for embezzlement filed against him by the County Solicitor.  The sheriff arrested Sims on the same day, and endorsed his action on the writ; and it appears from the transcript before us that Judge Gaines, of the Criminal Court of Record, endorsed on the information an order that the prisoner might be admitted to bail in the sum of $2,500, on giving good and sufficient sureties, to be approved by the sheriff.

Sims, while thus in the custody of the sheriff, presented to the Circuit Judge on the next day, a petition for a writ of *habeas corpus*, alleging that he was so detained without lawful authority, and deprived of his liberty without probable cause, and to his right to a preliminary examination, and that the Criminal Court of Record was not in session when the above mentioned information, upon which the warrant was issued, was filed, nor was it in session at the time of presenting the petition, nor could the term of such Criminal Court of Record, as of which the information is entitled and purports upon its face to be presented, *viz :* the April Term, A D. 1890, be held for more than a month. That he was innocent of the charge brought against him;

that he was until recently agent of the Florida Central and Peninsular Railroad, at Tavares, in Lake county, and that on the 21st of January, 1890, the railroad depot of the company was destroyed by fire with all its contents, including a large sum of money in the safe belonging to the company, and, that because he is unable to replace the money and property so destroyed, a charge of embezzlement has been trumped up against him, and he has been arrested and is held in custody as above stated, there being no evidence to warrant or authorize his arrest, and the same being made for the purpose of terrorizing and intimidating him, and the petitioner being required to give "enormous and excessive" bail in the sum of $2,500, which he is unable to do. The petitioner prayed the issuance of the writ and that the matter of his custody and detention might be inquired into and he be discharged from custody.

The writ having issued, the sheriff made return to it that he held the petitioner under the warrant described above as issued by the Clerk of the Criminal Court of Record of Lake county ; and on the sixth day of March the cause came on to be heard upon the above record and an admission by the County Solicitor, upon whom notice of the hearing had been served, that the County Criminal Court of Record of Lake county was not then in session, nor when the information was filed ; and the Circuit Judge refused to permit any evidence of the facts upon which the information was based to be brought before him, and remanded the petitioner " to the custody of the sheriff, as it appears a Criminal Court of Record of Lake county has jurisdiction."

To this judgment a writ of error was granted on the next day by a Justice of this court, returnable to the court in term at its present sitting.

It is insisted on behalf of the plaintiff in error that the

information was unlawfully filed, as it was filed in vacation and not in open court, and that consequently the warrant was issued without authority of law, and the prosecution is not by due process of law under the twelfth section of the Declaration of Rights of our Constitution.

The Constitution provides for the establishment by the Legislature of a Criminal Court of Record in any county upon application of a majority of the registered voters, and that there shall be one judge for each of said courts, and that the said " courts " shall have jurisdiction of all criminal cases not capital which shall arise in said counties, respectively, and that there shall be six terms of these courts in each year, and there shall be for each of the courts a prosecuting attorney, and that " all offenses triable in said court shall be prosecuted upon information under oath, to be filed by the prosecuting attorney, but the grand jury of the Circuit Court for the county in which said Criminal Court is held may indict for offenses triable in the Criminal Court, and upon the finding of such indictment the Circuit Judge shall commit or bail the accused for trial in the Criminal Court, which trial shall be upon information. Sections 24-28, Art. V., Const. 1885.

The Criminal Court of Record of Lake county was established by a statute approved May 11th, 1889, Pamphlet Laws of 1889, p. 169, which enacts that the court shall have jurisdiction to try and determine all violations of the criminal laws of the State arising in that county and not punishable by capital punishment; that there shall be held six terms of the court in each year, the same to begin on the second Tuesdays in February, April, and the other alternate months; that the said court shall exercise the same power in issuing warrants, attachments and summonses as is had and exercised by the Circuit Courts of the

State in criminal cases, which processes shall be executed in the same manner and by the same officers as the process of the Circuit Court is now executed; and the same rules of procedure and practice which now obtain in the trial of criminal cases in the Circuit Court shall obtain in this Court; that its judge shall have the same powers, duties and obligations in the administration of the criminal laws as are now exercised by and imposed upon the Judge of the Circuit Court. That the powers and duties of the County Solicitor, the prosecuting officer of the court, shall be the same as those now exercised by and imposed upon the State Attorney, except as afterwards provided in the act. The County Solicitor is " allowed " the process of the court " to compel the attendance of witnesses before him, in or out of term, at such convenient times and places as may be designated in the summons, to testify before him as to any violation of the criminal law upon which they may be interrogated, and writs of attachment or summons for such witnesses shall at any time be issued from said court upon the written order of the County Solicitor filed with the clerk;" and such Solicitor is authorized to administer oaths to all witnesses summoned by the process of the court. All offences triable by this court are to be prosecuted upon information filed by the County Solicitor under oath, and the same rules of pleading and practice as now obtain in trials by indictment it is declared shall obtain in trials by information.

The jurisdiction given to Criminal Courts of Record by the above provisions of the Constitution, is a trial jurisdiction as distinguished from one for mere examination with reference to the discharge, bail or commitment without bail of the person accused; and the purpose of that instrument in providing that all offences triable in that court

shall be prosecuted upon information under oath to be filed by the prosecuting attorney was the regulation of the manner and form in which the accusation should be preferred for trial by the court in term. It must be in that form before the accused can be required to answer there; this is so even where a grand jury of the Circuit Court of the same county has found an indictment and the Circuit Judge has committed or bailed the accused for trial in the Criminal Court. The authority thus given to this court to try on information felonies within its jurisdiction is at least one of the exceptions referred to in the tenth section of the Declaration of Rights where it is provided that in other cases than those of impeachment and those of militia in active service in time of war or which the State, with the consent of Congress, may keep in time of peace, no person shall be tried for a capital crime or other felony unless on presentment by a grand jury, except as is otherwise provided in this Constitution. At the common law only misdemeanors were triable in this way, but in this court the information is even as to felonies substituted for an indictment.

There is nothing in the Constitution as to the exercise in vacation by the County Solicitor, the clerk or sheriff of the powers complained of here, nor is there anything as to the exercise of any functions by the judge out of term. Looking to the statute whose provisions, in so far as they can be said to relate to the question before us, are substantially set out above, we find no authority given to the County Solicitor to file an information in vacation as the basis for the issue of a warrant for the arrest of the accused, nor any conferred upon the clerk for the issue of such a warrant under such circumstances. The grant to the "court" of the same power in issuing warrants, attachments and summonses, as is now had and exercised by the

Circuit Courts in criminal cases, does not confer these powers upon either of such officers; nor do the provisions that the powers and duties of such solicitor and clerk and sheriff, respectively, shall be the same as those now exercised by and imposed upon State Attorneys and clerks of the Circuit Courts, and the sheriff while acting as the executive officer of the Circuit Court. An information filed in vacation by a State Attorney in the clerk's office of the Circuit Court, if one has ever been thus filed in this State, is not the legal mode of primarily instituting proceedings against an alleged criminal, the trial of whose offending is within the jurisdiction of the Circuit Court. It is true that under the act of February 7th, 1877, section 4, p. 442, McClellan's Digest, every misdemeanor of which the Circuit Court has jurisdiction may be tried upon presentment or indictment by a grand jury or upon information filed by the State Attorney or the duly authorized prosecuting attorney of the court, but the purpose of that legislation was merely to permit the substitution of an information for an indictment in cases of misdemeanor, and the uniform practice under it has been to file the information in open court; and in King vs. State, 17 Fla., 183, it was held that it was not necessary that the information should be presented by a grand jury, but it was sufficient if presented by the State Attorney or the duly authorized prosecuting attorney of the Circuit Court, entered in the minutes of the court and filed. Should a State Attorney file such an information in vacation, the clerk of the Circuit Court would not be authorized to issue a warrant for the arrest of the person charged in it, and this for the simple reason, to say nothing more, that neither the act of 1877 nor any other statute has provided for any such proceeding in the Circuit Court in vacation.

It is true the County Solicitor is allowed the process of

*the court* to compel the attendance of witnesses before him in or out of term at such convenient times and places as may be designated in the summons to testify before him as to any violation of the criminal law upon which he may be interrogated, and writs of attachment or summonses for such witnesses may be issued from the court upon the written order of the County Solicitor filed with the clerk ; and such solicitor may administer oaths to all witnesses summoned by the process of the court. Whatever else may be the purpose of this provision, it, nevertheless, is altogether clear that it gives no authority to the clerk to issue any warrant for the arrest of the person whom the witnesses may identify as the probable violator of the criminal law, nor does it allow the solicitor the process of the court for such purpose, either upon filing an information or a written order with the clerk.

That it was not the purpose of this provision to authorize the filing of an information in vacation to be followed by the issue of a warrant of arrest becomes more apparent when considered in connection with that mentioned above to the effect that the court shall exercise the same power as the Circuit Courts in issuing warrants, attachments and summonses, and with those clauses which declare that the same rules of procedure and practice which now obtain in the trial of criminal cases in the Circuit Court shall obtain in this court (section 5), and the same rules of * * practice which now obtain in trials by indictment shall obtain in trials by information. If it had been the intention of the legislature to give the power which has been exercised here it would not have merely given the Solicitor the specific powers as to summoning and examination of witnesses and vested him with the same powers as to his duties and powers as to the Criminal Court of Record and offences

cognizable by it as the State Attorney has as to the Circuit Court, but it would have made express provision for the exercise of a power which is not exercised by the Circuit Court or State Attorney, the clerk and sheriff in this manner in vacation.

The result, then, is that the laws of this State do not authorize the County Solicitor of Lake county to file in vacation an information which shall have the effect to set the process of that court in motion for the arrest of the person charged in it with a violation of a criminal law, of the trial of which that court has jurisdiction. There being no such power as has been exercised here given by the laws applicable to the Criminal Court, the duty to the public of having the petitioner arrested and his alleged offending inquired into for the purpose of securing his personal attendance for trial at the next term of the Criminal Court of Record of Lake county, must be performed through the same judicial instrumentality which would be available if there was no criminal court in the county.

The petitioner was remanded to the custody of the sheriff by the Circuit Judge because he thought the Criminal Court of Record had jurisdiction in the case. The information, filed as it was, did not give that court jurisdiction. It was a proceeding in the clerk's office wholly unauthorized by law, and it neither gave that court jurisdiction of the case, nor its judge authority to make the order or endorsement as to bail. Such an information filed in the office of the clerk of the Circuit Court by the State Attorney would not have given the Circuit Judge the power or imposed upon him the duty or obligation to fix the amount of bail, but his duty would be to treat the proceeding as *coram non judice*.

The law has not given to an *ex-parte* examination made

in this way by a county solicitor the result of having the person accused of crime arrested upon the filing of an information in the clerk's office, and imprisoned without a preliminary hearing before a magistrate, and forcing him to seek his liberty or an investigation of the alleged offence by becoming an actor in a *habeas corpus* or similar proceeding.

The petitioner is held without due process of law, and the judgment of the Circuit Judge will be reversed and the case remanded, with direction to discharge him from custody under those proceedings.