WILLIE GOLDING, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The conviction of an accused of murder in the second degree upon an indictment charging him with murder in the first degree, has the effect in law to acquit him of the higher offense charged in the indictment, and he can not legally be put upon trial a second time for the higher offense. Following Johnson vs. State, 27 Fla., 245, 9 South. Rep., 208.

2. A motion in arrest of judgment reaches only such defects as are apparent upon the record, but in a case where a judgment ren-

Willie Golding v. The State of Florida.—Opinion of Court.

dered has been reversed and a new trial granted, and a second trial is had upon the same indictment in the same court, the entire proceedings constitute one record, and a motion in arrest of judgment on the ground of a former acquittal of a higher offense charged in the indictment, will be good where such fact appears upon the record.

Writ of Error to the Circuit Court for Suwannee county.

The facts in the case are stated in the opinion of the court.

*J. C. Gallaher* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MABRY, J. :

In February, A. D. 1890, the plaintiff in error was indicted during a term of the Circuit Court held in Suwannee county, for murder in the first degree, and during the same term of the court was convicted of murder in the second degree. Upon a writ of error brought to this court at its June term, A. D. 1890, the judgment of the Circuit Court upon the conviction of murder in the second degree was reversed and a new trial awarded. Golding vs. State, 26 Fla., 530, 8 South. Rep., 311. Upon the return of the mandate of this court to the Suwannee Circuit Court, the plaintiff in error was again tried during a term of court held in February, A. D., 1891, upon the same indictment, and convicted of murder in the first de

gree with recommendation of mercy of the court. A motion in arrest of judgment was made in behalf of the accused, and one of the grounds of this motion is as follows: "That at the Winter term of this court for the year 1890, the said Willie Golding was tried for the same offense, and not another, and was tried and convicted of murder in the second degree, and was thereby acquitted of murder in the first degree for which he is now convicted." This motion was overruled and the accused sentenced to the penitentiary for life, and the case is again before us by writ of error.

The conviction of the accused of murder in the second degree on the first trial had the effect in law to acquit him of the higher degree of the offense charged in the indictment, and he could not legally again be put upon trial for murder in the first degree. This court has settled this point in the case of Johnson vs. State, 27 Fla., 245, 9 South. Rep., 208, and it is not necessary to go over the discussion again. It may be noted that when the second trial occurred in the case before us, the decision in the Johnson case had not been promulgated.

The only question that can arise on the record before us is in reference to the manner in which the accused sought to avail himself of the former acquittal of the higher offense charged in the indictment. He did not file any plea of the former acquittal, and, so far as we know, did not make any objection to being

tried again for the higher degree of the offense.   The objection, as it appears from the record before us, was made by motion in arrest of judgment.   It can not be assumed, however, that the accused has waived any rights which he had.   It was held in the Johnson case, *supra*, "that a special plea asserting the former acquittal of the higher offense is unnecessary where the new or second trial is in the same tribunal as the first."   That is the case here.   A motion in arrest of judgment reaches only such defects as are apparent upon the record, but in a case where a judgment rendered has been reversed and a new trial granted, and a second trial is had upon the same indictment, in the same court, the entire proceedings constitute one record.   Upon the face of the record in this case it was apparent that the judgment should not have been entered for the higher offense of which the accused had been acquitted; and hence the judgment entered was erroneous.

It is therefore ordered that the judgment of the Circuit Court be reversed, and that the cause be remanded for such further proceedings as may be consistent with law.   Ordered accordingly.