George Reynolds v. The State of Florida.—Syllabus.

GEORGE REYNOLDS, PLAINTIFF IN ERROR, VS. THE
    STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment for murder charges every grade of unlawful
   homicide, and a plea of not guilty puts in issue the guilt of
   the defendant as to every grade and degree of homicide pro-
   hibited by law.

2. Where parties were indicted for murder plead not guilty, and were
   convicted of manslaughter, but the conviction was reversed
   and a new trial granted by the appellate court, upon such new
   trial for manslaughter, upon the same indictment upon which
   the first trial was had, it is not necessary that the defendants
   be rearraigned and plead anew to the charge of manslaughter,
   and it is not error to refuse a request of the defendants that
   they be so arraigned and permitted to plead anew.

3. It is not error to admit proper and legal testimony tending to
   show the defendant's guilt of the charge against him.

4. It is the province of the record proper in the case, and not of the
   bill of exceptions, to show the empanneling, selection and
   swearing of the jury that tries a case. When the record proper
   shows that the jury were properly sworn, the court will not
   look beyond the record; or regard any contradictory statements
   in the bill of exceptions.

5. Statements in the record that the jury were "duly tried, accepted
   and sworn according to law," are sufficient to show that the
   jury were properly and legally sworn.

6. When exceptions are taken to the charge of the court below, the
   whole charge should be considered. This court will not con-
   sider assignments of error based upon instructions given by the
   court below in its charge to the jury, when no portion of the
   charge is brought up by the bill of exceptions except the isola-
   ted paragraphs complained of, and it affirmatively appears that
   other oral instructions were given to the jury which do not ap-
   pear at all in the record.

Writ of Error to the Circuit Court for Baker
county.

The facts of the case are stated in the opinion of
the court.

*F. W. Pope* and *W. P. Ward* for Plaintiff in Error.

*W. B. Lamar*, *Attorney-General*, for Defendant in Error.

LIDDON, C. J.:

The plaintiff in error, together with James Reynolds, Jesse Greek and Willis Hodges, were indicted in the Circuit Court of Baker county for the murder of James Sweat. Upon the first trial of the case all of the defendants except Hodges, who was not tried jointly with them, were convicted of manslaughter. This conviction, upon writ of error to this court, was reversed and a new trial granted. (33 Fla., 301, 14 South. Rep. 723).

The transcript of the record is not very skilfully prepared, but it appears from the same that the defendants who once plead not guilty to the indictment without withdrawing their plea of not guilty, or first obtaining any leave of court therefor, filed a paper purporting to be a plea in abatement. This plea in abatement attempted to set up certain illegalities and irregularities in the grand jury which found the indictment. Upon motion of the State Attorney this plea was stricken from the files of the court. The defendants then moved the court for leave to withdraw their plea of not guilty, and for leave to file the plea in abatement. This motion was denied by the court. Then, as the case was about to proceed to trial, "the defendants protested against being tried without arraignment, and insisted that if they are to be tried upon said charge that they be arraigned and allowed to plead thereto as they may deem advisable." This objection was overruled by the court, and the defend-

ants were put upon trial without further arraignment. The other defendants were acquitted, but the plaintiff in error was convicted of manslaughter in the third degree, with a recommendation to the mercy of the court.

Nine assignments of error are filed herein. Such of them as are argued in the brief of the plaintiff in error will be herein considered. In accordance with the rule laid down by this court in such cases, the assignments of error not argued are treated as abandoned. The first assignment of error is not argued.

The first and second assignments of error relate to the refusal of the court to rearraign the defendants. It is contended that as the former verdict of guilty of manslaughter was an acquittal of the defendants of all higher degrees of homicide, that the issue to be presented to the jury on the new trial was whether the defendants were guilty of any of the decrees of manslaughter. (The offense was alleged to have been committed before the Revised Statutes abolishing degrees in manslaughter went into effect). As the indictment upon its face charged murder in the first degree, of which defendants were impliedly acquitted, they claimed that the issue of their guilt of manslaughter is a new one, and that they should have been re-arraigned and permitted to plead anew to the same. The authorities uniformly support the proposition that when a new trial is granted in a criminal case, whether by the court of original jurisdiction or upon reversal of the conviction by an appellate court, no further arraignment or plea is necessary, that the case stands just as it did before conviction, and is just as if no trial had been had. Levy vs. State, 49 Ala., 390; Byrd

vs. State, 1 Howard (Miss.), 247; State vs. Stewart, 26 S. C., 125, 1 S. E. Rep., 468; 1 Bishop's Crim. Pro., sec. 730 a, and authorities cited in note. In all the cases cited above it seems that the new trial was granted, after a conviction to the fullest extent, or of the highest grade of crime charged in the indictment. Neither the Attorney-General, nor counsel for plaintiff in error, have cited us to any case parallel to this, nor have we been able to find one where the question of re-arraignment was presented upon a new trial granted after a conviction of a lower grade of the offense charged which was an impled acquital of all higher grades. The only case where the precise point seems to have arisen at all is that of State vs. Martin, 30 Wis., 216, but the court evaded a decision. So we are left to determine the question without the light of precedent, but upon principle only. Upon principle we are of the opinion that the defendants once having plead not guilty to the indictment, there was no necessity for further arraignment in this case. The indictment against them for murder charged every grade of homicide. Potsdamer vs. State, 17 Fla., 895, text 903. The plea of not guilty to this indictment was a denial that they were guilty of murder in any of its degrees, or manslaughter in any of its degrees. Involved in a trial upon this plea was a question of their guilt of every grade of unlawful homicide. The verdict having been set aside, the case stands at issue (except as to the higher grades of homicide of which they have been constructively acquitted) for a new trial upon the same indictment and the same pleas. To re arraign the defendants and require them to plead anew would be an idle repetition. All that could be accomplished by arraignment had already been sufficiently accomplished, that is the forming of an issue between the

State and the defendants upon the indictment. In order to do full justice between the State and the defendants it was only necessary that the court should advise the jury of the former implied acquittal of the defendants, and that their duty was to decide upon their guilt or innocence of the lower degrees of homicide, and should instruct them in the law applicable to the different degrees of manslaughter.

The third assignment of error is based upon the admission of the evidence of Nathan Peas, a State witness. The objection to this testimony was that it was incompetent, irrelevant and not a part of the *res gestæ*. The objection was not well taken. The evidence of this witness tended to show that the defendant was near the scene of the difficulty on the night the same occurred. It was properly admitted.

The fourth assignment of error was that the form of oath used in capital cases was administered to the jury. Such an oath is recited in the bill of exceptions as having been administered to the jury, but it is not the province of a bill of exceptions to show the selection, empannelling and swearing of the jury. These matters properly belong to the record. The record states that the jury was "duly tried, accepted and sworn according to law." The record shows that the jury were properly sworn, and we can not upon this subject regard any contradicting statements of the bill of exceptions, or look beyond the record. Potsdamer vs. State, 17 Fla., 895; Garner vs. State, 28 Fla., 113, 9 South. Rep., 835; Brown vs. State, 29 Fla., 494, 11 South. Rep., 181; Brown vs. State, 29 Fla., 543, 10 South. Rep., 736; Palmquist vs. State, 30 Fla., 73, 11 South. Rep., 521.

The fifth assignment of error is not well taken. The testimony of Dr. Williams as to statements made to

him by the defendant George Reynolds were entirely proper and admissible.

The sixth, eighth and ninth assignments of error are based upon the charge of the court. Two paragraphs have been selected from the charge of the court and presented to us to sustain these assignments. The record affirmatively shows that other instructions besides those complained of were orally given to the jury by the court but they are not included in the bill of exceptions or brought up by the record in the case. We can not consider these assignments. The rule in this respect has been thus stated: "Where a part of a charge is excepted to, the whole charge should be considered, and if the charge considered as a whole is free from the objection urged the exception should be overruled." Andrews vs. State, 21 Fla., 598. A similar rule has been laid down in Pinson vs. State, 28 Fla., 735; Smith vs. Bagwell, 19 Fla., 117; Terry vs. Buffington, 11 Ga., 337; S. C. 56 Am. Dec., 423; Elliott's Appellate Procedure, Section 193. Not having the whole charge before us we can not tell how these portions not brought before us might have modified or affected the construction of the paragraphs excepted to. All presumptions being in favor of the ruling of the court below, we could not find reversible error, upon being shown only two isolated paragraphs of the charge given by the Circuit Judge. In order for us to consider exceptions taken to the instructions given by the court in its charge to the jury, the whole charge should be brought up by the bill of exceptions.

The judgment of the Circuit Court is affirmed.