### JORDAN BRANDON *v.* THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Arrest of witness in presence of jury. Code* 1892, § 1384. *When reversible error.*

   It is error for the trial court to cause the arrest of a witness, under code 1892, § 1384, providing for the arrest of palpable perjurers, in the presence of the jury. Such arrests, if possible, should be made out of their presence and hearing. And where the evidence against the party on trial is fairly balanced by that in his favor, he will be entitled to a reversal on account of such improper arrest. *Golden* v. *State, ante,* p. 130; *Chase* v. *State, ante,* p. 502.

2. SAME. *Unnecessary killing. Instruction.*

   An unnecessary killing cannot be predicated of a homicide committed in self-defense. An instruction so doing is erroneous.

3. SAME. *Burden of proof. Instruction.*

   An instruction for the state predicated of the idea that the burden of proof may be shifted to defendant, should not be given. *Herman* v. *State, ante,* p. 340.

FROM the circuit court of Monroe county.

HON. E. O. SYKES, Judge.

John Brandon was indicted for the murder of his son, George Brandon. On the trial of the case, the court below, acting under code 1892, § 1384, caused the arrest, in the presence of the jury, of Lucy Brandon, a witness for the state, for palpable perjury, committed on the hearing. The section of the code providing for the arrest of palpable perjurers is copied in the report of the case of *Golden* v. *State, ante,* 130. The tenth instruction for the state, referred to in the opinion, was in these words: " 10. If the jury believe from the evidence, beyond a reasonable doubt, that the deceased had his pistol drawn, and that Jordan Brandon unnecessarily killed deceased while resisting or attempting to resist the deceased in the commission of a felony, or some great bodily harm to him, the defendant, the jury will find the defendant guilty of manslaughter.''

The defendant was convicted of manslaughter, and appealed to the supreme court. The state prosecuted a cross appeal, complaining of the refusal of the court below to give the sixth instruction asked by the state, to which the opinion refers; said instruction was as follows: " 6. The court instructs the jury that every homicide is presumed in law to be malicious, and therefore, murder, and when the killing has been proven beyond a reasonable doubt, the law will presume the malice requisite to murder, and the burden of the proof is then shifted to the defendant to show some circumstances of alleviation, justification or excuse, unless these arise out of the evidence which has been adduced against him on the part of the state.''

*George C. Paine* and *Alexander & Alexander*, for appellant.

The court erred in ordering the witness, Lucy Brandon, to jail in the hearing and presence of the jury and during the trial of the case. *Golden* v. *State, ante,* p. 130; *Chase* v. *State, ante,* p. 502. The case at bar and the case of Golden are very simi lar; it looks as if one was made just for the other. It can make

no difference that the state called the witness to the stand; her testimony was favorable to the defense. There is error in the tenth instruction for the state. *State* v. *Long*, 52 Miss., 23.

*W. N. Nash*, attorney-general, for the state.

The court will notice that the state had a cross appeal in this case, based upon the action of the court below in refusing the sixth instruction asked for the state. This charge was proper, and eminently proper in view of the facts in this cause.

The appellant assigns for error the action of the circuit court in ordering Lucy Brandon to jail in the presence and hearing of the jury and during the trial of the case. The court will bear in mind that Lucy Brandon was a witness for the state, though a very unwilling one. When Lucy was ordered to jail there was no exception to the action of the court at all. Very likely no one was at all surprised at what was done. Lucy was ordered to jail, and the court adjourned for dinner. When the court convened again, for the first time objection was made to the action of the court in sending this recalcitrant witness to jail. If there was anything in the objection, it should have been taken promptly, at once.

Argued orally by *Chalmers Alexander* and *C. H. Alexander*, for appellant, and by *Wiley N. Nash*, attorney-general, for the state.

WHITFIELD, J., delivered the opinion of the court.

Lucy Brandon was plainly committed to jail, under § 1384 of the code of 1892, in the course of the trial, in the presence and hearing of the jury. In the very doubtfully balanced state of the testimony this is fatal error. *Golden* v. *State, ante*, p. 130. The tenth instruction for the state is misleading and erroneous. An unnecessary killing could not be predicated of appellant's killing deceased, if at the time deceased had his pistol drawn and was killed by defendant to save his own life.

The only felony deceased could have been attempting, on the testimony, was the killing of his father, and killing by appellant to prevent being killed, if the jury believed the witnesses for the defense, was not an unnecessry killing. As to the cross appeal, it is only necessary to say that the court properly refused the sixth instruction for the state. *Herman* v. *State, ante,* p. 340.

*Judgment reversed, verdict set aside and cause remanded.*