## Ex Parte Joseph Vickery.

1. A verdict of guilty of a lower degree of homicide charged in an indictment is an acquittal of any higher degree therein charged.

2. Upon reversal of a conviction for manslaughter of one indicted for murder in the first degree in the Circuit Court, the subsequent trial for manslaughter may be had in the Criminal Court of Record of the county.

This case was decided by Division A.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the Court.

*J. Emmett Wolfe* (with whom was J. P. Stokes on the brief) for Petitioner.

*Scott M. Loftin,* for Respondent.

COCKRELL, J.   Upon petition to a justice of this court a writ of Habeas Corpus was granted returnable before the court.

We have serious doubts whether any issues are presented on the pleadings that call for a decision from us in this form of procedure, but the chief point sought to be raised by the petitioner is so manifestly not well taken, and as it has been asserted that there is embarrassment of jurisdiction in the trial courts because of the point we may as well dispose of it.

The petitioner was indicted for murder in the first degree in the Circuit Court for Escambia County, was

11 S. C.

convicted thereunder of manslaughter, which conviction was reversed by this court (38 South. Rep. 907.) It would seem that on the receipt of the mandate, the Circuit Court transferred the case to the Criminal Court of Record of Escambia County, which has jurisdiction of all crimes in said county not capital, and thereupon an information was filed therein charging the petitioner with manslaughter. Under these facts the petitioner seeks to question the jurisdiction of the Criminal Court of Record to try the cause.

We have held that a verdict of guilty of a lower degree is an acquittal of any higher degree charged in the indictment (Johnson v. State, 27 Fla. 245, 9 South. Rep. 208) and we have repeatedly held that an indictment for murder in the first degree includes therein an indictment for manslaughter and the lower degrees of assault.

The verdict is so conclusive an acquittal of the higher offense and wipes it out so conclusively that a plea of formal acquittal to the indictment is unnecessary and should the accused be afterwards convicted of the higher grade than upon a former conviction, this court will reverse and set aside the later conviction irrespective of the form in which it is presented to us, it being a matter in the record. Golding v. State, 31 Fla. 262, 12 South. Rep. 525.

It follows then that when the verdict of manslaughter was reversed the cause stood in the Circuit Court precisely as if the grand jury had brought in an indictment for manslaughter; and it cannot be questioned that in such event it is proper and jurisdictional for the cause to be tried in the Criminal Court, if one exists in the county, upon an information filed therein. Section 28, Art. V, Constitution. See State *ex rel.* Buckheitt v. Butt,

25 Fla. 258, 5 South. Rep. 597; Sims v. State, 26 Fla. 97, 7 South. Rep. 374.

The continuance granted in behalf of the State was not the denial of a speedy trial. This objection if properly raised on this writ, is conclusively answered by the decision in Ex Parte Warris and Johnson, 28 Fla. 371, 9 South. Rep. 718.

The writ is discharged and the prisoner remanded.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.