CHARLES H. WEST, *Plaintiff in Error,* v. THE STATE OI FLORIDA, *Defendant in Error.*

1. Where a trial is had upon an indictment charging murder in the first degree and the verdict is for manslaughter, it is in effect an acquittal of the crime of murder in all its degrees; and on a new trial obtained at the instance of the defendant, he cannot again be tried for or convicted of any grade of crime higher than manslaughter. In such cases the court should, at the outset of the new trial, instruct the jury that they must confine their inquiries to the offense of manslaughter, and to the lower grades of crime included in the crime of manslaughter.

2. Where on an indictment for murder in the first degree, the defendant is convicted of manslaughter and secures a new trial, and on a new trial the court does not instruct the jury to confine their inquiries to the crime of manslaughter and the offenses included therein, it is error for the court in overruling an objection to argument by the State Attorney as to whether the killing was done with a premeditated design to effect death of a person, to state that whether the evidence showed premeditation was a question for the jury to determine, even though such ruling is coupled with the statement that the jury could not find the defendant guilty of murder in the first degree. Premeditation is an element of murder in the first degree but not of manslaughter, and whether there was premeditation should not be submitted to the jury in a trial for manslaughter.

3. Remarks by the trial judge made in the hearing of the jury in making rulings during the trial will have the same effect as formal instructions:

4. In a prosecution for manslaughter it is error for the court to state in its rulings in the presence of the jury that whether the testimony "should show premeditation or not is a question for the jury to determine" and "that if the evidence is sufficient to satisfy the jury that a murder had been committed, and even though that evidence should justify a verdict of murder in the first degree, or in any of the degrees" the conviction could not be for a higher offense than manslaughter. No matter what the evidence may be in such a case questions of premeditation or of murder are not issues for the jury to determine.

5. While under an indictment for homicide containing necessary. allegations there may be a conviction of any degree of unlawful homicide  included in the charge, or of aggravated assault if an assault with a deadly weapon is alleged in the indictment, yet where the evidence shows without contradiction that the assault and the act following it caused the death of the person assaulted, it is not error to refuse requested instructions (1) that the indictment embraces and charges aggravated assault, and (2) that the jury may convict the defendant of aggravated assault if they find from the evidence that defendant is guilty of such offense and no other.

6. Requested instructions that are not confined to the principles of law that are applicable to the facts and circumstances in evidence are properly refused.

7. In criminal prosecutions exhibits should not be introduced in evidence where they are not shown to have some bearing upon the issues being tried.

This case was decided by Division A.

Writ of Error to the Circuit Court for Sumter County.

The facts in the case are stated in the opinion of the court.

*Glen & Himes* and *J. T. McCollum,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J.—On October 16, 1906, Charles H. West was by indictment in the circuit court for Sumter county charged with murder in the first degree of Albert E. Rucker.  A conviction for manslaughter under this indictment was reversed and a new trial granted.  West v. State, 53 Fla. 77, 43 South. Rep. 445.

On October 25, 1907, the defendant was again convicted of manslaughter, and brought writ of error.

The record proper shows that a jury of six persons were chosen and duly sworn and then recites that: "The state attorney read to the jury the indictment upon which the defendant, Chas. H. West, was formerly tried charging him with murder, and at said former trial the defendant was acquitted of murder, and was found guilty of manslaughter. Said case was appealed to the supreme court of the state of Florida, and afterwards was remanded back to this court for new trial, and the defendant is now on trial for manslaughter."

The bill of exceptions states as follows: After the jury were sworn "counsel for defendant respectfully asked the court at this time to instruct the jury that at the former trial of this case the defendant was acquitted of murder in all degrees, and that in the trial of this case the jury are not to inquire into whether or not the defendant was guilty of murder, that they will confine their inquiries as to whether he is guilty of manslaughter or not. *The Court*: The court will charge the jury fully upon these matters when it undertakes to charge the jury the law of the case and not in the beginning. The announcement having been made that the defendant is not on trial for murder in any of the degrees the court will charge the jury and at length when the time comes to charge the jury.

"And to the refusal of the court to give the said instruction to the jury, the defendant then and there excepted.

"Thereupon counsel for defendant respectfully asked the court to instruct the jury that upon the trial of this case they shall not inquire into whether or not the defendant is guilty of murder in any degrees, and that their inquiries and investigations shall not go into.

whether or not a murder in any degree is or is not proven by the testimony."

"The motion of defendant is denied and defendant duly excepted the jury having already been advised that the defendant is not on trial for murder." The bill of exceptions further states that "in the course of the argument to the jury the state attorney proceeded to define murder in the first degree. Thereupon counsel for defendant objected to the state attorney arguing to the jury what constituted murder in the first degree as being improper and immaterial and irrelevant to this trial and asked the court to instruct him to desist from so doing. Thereupon the state attorney announced to the court in the presence of the jury that he conceived it to be the law of this state that if the facts in this case would support a verdict of murder in the first degree, that for such reason the jury could convict of manslaughter.

"Counsel for defendant thereupon contended that such was not the law, and the jury in this case are not charged with the duty of inquiring as to whether the testimony in this case at any time or now shows murder in any degree.

"The court thereupon overruled the objection of the defendant and stated in the presence of the jury as follows: 'The court holds that if the evidence is sufficient to satisfy the jury that a murder had been committed, and even though that evidence should justify a verdict of murder in the first degree, or in any of the degrees, that the defendant cannot be convicted of any higher offense than manslaughter, but because he could not be convicted of any higher offense than manslaughter, that does not exclude from the consideration of the jury of evidence tending to show that a higher offense was committed, nor can the court exclude any testimony proving or tending to prove that a higher offense was committed, but will instruct the jury when the time comes,

they cannot convict the defendant of any higher offense, if of any, than manslaughter. The motion of defendant to require the state attorney to desist his argument is overruled and exception is duly entered, to such ruling by defendant." Thereupon the state attorney said to the jury in his argument: Now, let us consider the facts and circumstances of this case to see whether or not this killing was done from a premeditated design to kill the deceased, or whether it was unlawful, or whether it was justifiable.

"Counsel for defendant thereupon objected to the state attorney arguing to the jury the question whether or not the alleged killing was done with a premeditated design and asked the court to instruct the state attorney to desist from arguing to the jury in this case whether or not the testimony shows that the killing was done from a premeditated design.

"The court thereupon overruled the said objection, stating in the presence of the jury as follows: The court holds that the evidence as produced by the witnesses must be considered by the jury. Whether it should show premeditation or not is a question for the jury to determine; but they cannot find the defendant guilty of murder in the first degree. Nor can the court eliminate from the consideration of the jury any evidence although that evidence should tend to show premeditation, but can simply instruct the jury that in no event can they find the defendant guilty of any higher offense than manslaughter, and asks that the line of argument be conducted within limits. To which ruling of the court defendant then and there excepted.

"The state attorney thereupon stated in presence of the jury: 'Does the court hold that my argument was beyond these limits?' to which the court replied: 'You can argue all the testimony before the jury. The court

holds that all the testimony may be argued before the jury.'

"W. F. Himes, Esq. As tending to prove premeditation?

"The Court. If the evidence has that tendency, the court has no power to strike it out for that.

"To which ruling counsel for defendant then and there excepted."

In the well considered case of Johnson v. State, 27 Fla. 245, 9 South. Rep. 208, it was decided that where a trial is had upon an indictment charging an offense that includes lower · degrees of the same character of crime, and the verdict finds the defendant guilty of a lower degree of the crime charged, the verdict being silent as to the higher crimes included in the offense charged, such a finding is in effect an acquittal of the offenses of higher degrees included in the crime charged, and on a new trial obtained at the instance of the defendant, he cannot again be tried for or convicted of any higher grade of crime than that of which he was first convicted. In such cases upon another trial the defendant may be tried in the circuit court where there is no criminal court of record in the county, upon the same indictment, but only for the offense of which he was convicted on the previous trial. The court should instruct the jury at the outset of the new trial that they must confine their inquiries to the offense of which the defendant was previously convicted, and to such lower grades of the offense of which he was convicted as may be legally included therein. Golding v. State, 31 Fla. 262, 12 South. Rep. 525; Reynolds v. State, 34 Fla. 175, 16 South. Rep. 78; Ex parte Vickery, 51 Fla. 141, 40 South. Rep. 77.

The defendant having been convicted of manslaughter at the former trial, he stands acquitted of every grade

of unlawful homicide above manslaughter charged in the indictment, including murder in the first, second and third degrees.

The sole issue to be tried on the second trial was the charge of manslaughter which offense the indictment in law charged even though it in terms charged murder in the first degree, the effect of the conviction for manslaughter in the first trial being to reduce the charge in law from murder in the first degree to manslaughter. The proceedings should be confined to the issue of manslaughter. Manslaughter under the statute is "the killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide nor murder."

In a trial for manslaughter on an indictment under which the defendant has been acquitted of all degrees of murder by a conviction of manslaughter, it is not proper to go into an inquiry as to whether or not there was premeditation in the crime charged, or whether or not murder was committed, since the act charged has been legally declared not to be murder. Under the decisions above cited the jury in such a case should be affirmatively instructed that notwithstanding the indictment on which the defendant is being tried, in terms charges murder, by virtue of the previous conviction for manslaughter and consequent legal acquittal of the defendant of the charge of murder in every degree, the indictment is in law reduced to and only charges the offense of manslaughter, that the inquiries of the jury should be confined to the issue thus made on the indictment, and that the defendant could not be convicted of any offense above manslaughter. As the act charged has been declared to be not murder, the inquiry is, was the act charged a killing of the person alleged, by the act, procurement or culpable negligence of defendant, or

was the act justifiable or excusable homicide, as defined by Sections 3203 and 3204 General Statutes?

In overruling the objection made to the argument of the state attorney as to whether or not the killing was done with a premeditated design the court erred in stating that whether or not the evidence showed premeditation was a question for the jury to determine, even though such ruling was coupled with the statement that the jury could not find the defendant guilty of murder in the first degree. Premeditation is an element in murder in the first degree but not in manslaughter.

The question of the existence of premeditation in the act charged and whether murder had been committed were eliminated by the former conviction of manslaughter and the resulting acquittal of murder in all the degrees; consequently a consideration of the existence of premeditation in the act charged or whether the evidence showed murder was immaterial and irrelevant, and was calculated to confuse the jury.

Remarks made by the trial judge in the hearing of the jury will have the same effect as a formal instruction. 21 Enc. Pl. & Pr. 995.

In its rulings the court stated in the presence of the jury that whether the testimony "should show premeditation or not is a question for the jury to determine" and "that if the evidence is sufficient to satisfy the jury that a murder had been committed, and even though that evidence should justify a verdict of murder in the first degree, or in any of the degrees," the conviction could not be for a higher offense than manslaughter.

The effect of the above rulings was to inform the jury that they were to determine whether the killing was in reality murder, but if the evidence should justify a verdict of murder, the defendant cannot be convicted of any higher offense than manslaughter. The defendant had been acquitted of the charge of murder by being

convicted of the lesser offense of manslaughter, and he was no longer in contemplation of law indicted for murder. The acquittal of murder not only prevents punishment for murder, but it prevents the state from ever again requiring the defendant to meet an issue of murder in any of its degrees on the charge made in this indictment.

The questions of premeditation and of murder having been entirely eliminated by the former conviction of manslaughter, · any direction to the jury that they may consider such questions may well be harmful to the defendant. Such rulings could be construed by the jury as an intimation from the court that notwithstanding the defendant had been acquitted of murder they were · yet to consider as unsettled questions of premeditation and murder, and if the evidence should justify a verdict of murder against the defendant they could convict him of manslaughter, when the issue being tried was whether the evidence shows manslaughter, not whether it showed murder.

Murder having been eliminated, the issue was whether the killing was done by the act, procurement or culpable negligence of the defendant or was justifiable or excusable homicide.

The effect of the rulings of the court was to advise the jury that they could determine whether murder had been committed, but they could only convict the defendant of manslaughter, even though the evidence is sufficient to satisfy the jury that a murder had been committed. As the defendant had been acquitted of murder that question was *res. adjudicata,* and whether the act charged constituted murder was wholly eliminated from consideration. The jury should not in effect be told that they could consider the question of premeditation.

No matter what the evidence may be questions of

premeditation or of murder should not be considered by the jury and they should be so advised by the court. See Parker v. State, 22 Tex. App. 105, 3 S. W. 'Rep. 100.

While it is true the bill of exceptions shows the court stated that the jury had been advised that the defendant was not on trial for murder, and that the announcement had been made that the defendant was not on trial for murder in any of the degrees, it does not appear that *the court* made the announcement or advised the jury that the defendant was not on trial for murder. Besides this, in accordance with the practice indicated by the decision in Johnson v. State, *supra,* the court should at the beginning of the trial instruct the jury that they must confine their inquiries to the charge of manslaughter. See Reynolds v. State, 34 Fla. 175, text 179, 16 South. Rep. 78. If from the quoted recitation in the record proper it be inferred that the state attorney told the jury when he read the indictment to them that the defendant had on the former trial been acquitted of murder and that the defendant was then on trial for manslaughter, such statement by the prosecuting officer did not relieve the court of its duty to properly instruct the jury that only the issue of manslaughter was to be tried upon the indictment, which in terms charged murder, and that the inquiry must be confined to manslaughter and offenses properly included therein.

Except to state that the defendant had been acquitted of murder in all degrees by the former conviction of manslaughter and that the inquiry now should be confined to manslaughter, all references in the charge of the court to the former trial or to the proceedings on writ of error were unnecessary so far as appears by this record.

While under an indictment for murder containing necessary allegations there may be a conviction of any degree of unlawful homicide, or of aggravated assault

14

if an assault with a deadly weapon is charged in the indictment, 1 Bishop's New Cr. Law, Sec. 780; *Ex parte* Vickery, 51 Fla. 141, 40 South. Rep. 77; yet where the evidence shows without contradiction that the assault and the act following it caused the death of the person assaulted, it is not error to refuse requested instructions (1) that the indictment embraces and charges aggravated assault, and (2) that the jury may convict the defendant of aggravated assault if they find from the evidence that defendant is guilty of such offense and no other.    21 Cyc. 1078 and authorities cited.

The first charge is abstract and was calculated to mislead the jury; while the latter charge ignores undisputed facts in evidence.    Juries should be instructed only as to those principles of law that are applicable to the facts and circumstances in evidence.    See Hisler v. State, 52 Fla. 30, 42 South. Rep. 692; Kennard v. State, 42 Fla. 581, 28 South. Rep. 858; Irvin v. State, 19 Fla. 872; Washington v. State, 21 Fla. 328; Doyle v. State, 39 Fla. 155, 22 South. Rep. 272; Mims v. State, 42 Fla. 199, 27 South. Rep. 865; Long v. State, 42 Fla. 509, 28 South. Rep. 775.

Under the circumstances of this case it does not appear that the hat of the deceased introduced in evidence over the objection of the defendant had any material bearing upon the issue.    If the dilapidated appearance of the hat was material, it was not shown to have been caused by the personal conflict that resulted in the death of the deceased.

The other errors assigned have been considered and are not sustained.

The judgment is reversed and a new trial awarded.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR and PARKHILL, JJ., concur in the opinion.

HOCKER, J., dissents.