ERNEST ATKINS, alias LUKE ATKINS, WILLIE ATKINS and DENNIS ATKINS, Plaintiffs in Error, v. THE STATE OF FLORIDA, Defendant in Error.

En Banc.

Opinion filed October 18, 1930.

*John M. Coe* and *H. V. McClellan*, for Plaintiffs in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant, for Defendant in Error.

PER CURIAM.—Plaintiffs in error were tried and convicted of murder in the first degree with recommendation for mercy as to Dennis Atkins and Willie Atkins, who were sentenced to life imprisonment in the state penitentiary. Ernest Atkins was sentenced to death. Writ of error was taken to both judgments.

Error is first predicated on the order of the trial court overruling defendant's motion for change of venue.

This Court has uniformly held that applications for change of venue are addressed to the sound discretion of the trial court and that his refusal of such motions will not be held as error unless it appears that the court acted unfairly and committed a palpable abuse of discretion. Sound discretion or judicial discretion is not consonant with the will of, or the arbitrary discretion of the court as adduced from whim or caprice. It has reference to that impulse or discretion of the court which is guided by law, caution, and prudence or as someone has expressed it, an equitable determination of what is just and proper under the circumstances. Chisolm v. State, 74 Fla. 50, 76 So. R. 329. People v. Pfanschmidt, 262 Ill. 411, 104 N. E. R. 804. 1915A Ann. Cas. 1171, People v. Hyde, 133 N. Y. Sup. 306.

Applications for change of venue under our law, Sections 2670 and 2671, Revised General Statutes of Florida (Sections 4337 and 4338, Comp. Gen. Laws of 1927) are predi-

cated on a well grounded "fear" that it is impractical to obtain a fair trial and a qualified jury in the county where the crime occurred, or the action accrued. We do not understand the statute to mean that it must be conclusively shown that it is impossible to have a fair trial in the county where the venue is laid but it is sufficient to show a reasonable apprehension that the defendant will not secure a fair and impartial trial or that the jury are under an influence inimical to the accused. The motion for change of venue in this case was amply supported and should have been granted.

Error is next predicated on the overruling of defendant's motion for new trial. This assignment is grounded on the sufficiency of the evidence, the arrest of the witness Yon in the court room and error in the general charge.

We have examined the record carefully and there was a complete failure to prove the elements of murder in the first degree as to any of these defendants and as to the defendants Dennis Atkins and Willie Atkins there was an utter failure to prove any crime or degree of homicide against them whatever. The circumstances incident to the arrest of the witness Yon were also highly prejudicial to the defendants. Yon was the only witness of defendants that saw the homicide. He was cross examined by the court, discharged, and following a whispered controversy between the court and the sheriff he was arrested before he got out of the court room. He was seated within the bar and later searched by a deputy sheriff in the presence of the jury. Such procedure was out of place in a court of justice. Garner v. State, 28 Fla. 113, 9 So. R. 835, West v. State, 55 Fla. 200, 46 So. R. 93; Lewis v. State, 55 Fla. 54, 45 So. R. 998, People v. Mahoney, 201 Cal. 618, 258 Pac. R. 607, Golden v. State, 75 Miss. 130, 21 So. R. 971; Brandon v. State, 75 Miss. 904, 23 So. R. 517.

Other assignments of error we do not consider. It follows that the judgment of the circuit court of Calhoun County must be and is hereby reversed as to all three defendants. The defendants Dennis Atkins and Willie Atkins are ordered discharged.

Reversed.

TERRELL, C. J., and WHITFIELD, STRUM, BROWN and BUFORD, J. J., concur.

ELLIS, J. (Concurring specially) :. I agree that the judgment should be reversed because of misconduct at the trial in relation to the witness Yon but I do not agree that the court erred in not granting a change of venue nor do I agree to the conclusions on the evidence.