WILLIAM J. HOWELL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 28, 1913.

In a prosecution for murder, it is erroneous to instruct the jury to the effect that, in order to render homicide justifiable, the evidence must show that, at the time the same was committed, "then and there appeared to the defendant imminent danger of such design (to kill the defendant or do other harm or violence) being accomplished by the deceased by actually shooting at the defendant with a pistol, or by the act of drawing such weapon when the defendant was not at the time the aggressor." This places a burden upon the defendant which the law does not contemplate. The deceased would not have had *actually* to either shoot or draw the pistol in order to make it appear to the defendant that he was in imminent danger of the loss of life or great bodily harm or violence from the deceased. An attempt upon the part of the deceased to draw his pistol or a demonstration to that effect might well have produced the apprehension in the mind of the defendant which the law contemplates.

Writ of error to Circuit Court Columbia County; M. F. Horne, Judge.

Judgment reversed.

*Palmer & Palmer,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—William J. Howell was indicted and tried for murder in the first degree and convicted of manslaughter, from which he seeks relief here by writ of error. In view of the conclusion which we have reached,

it becomes unnecessary to treat all the errors assigned. The defendant claimed that the homicide was committed by him in self-defense, therefore a material fact for the jury to determine from the evidence adduced was who was the aggressor in the fatal difficulty. Upon this point the evidence was conflicting. This being true, we are of the opinion that the following paragraph of the general charge, of which complaint is made, was erroneous and calls for a reversal of the judgment:

"5. In this case if the homicide was committed by the defendant and in the lawful defense of himself, and was free from fault at a time when there was reasonable ground for him as a reasonable, prudent and cautious man to appreehnd, and if he did then and there apprehend a design on the part of the deceased to kill him, or do other harm or violence, and if under the circumstances, as you may find them from the evidence there, then and there appeared to the defendant eminent danger of such design being accomplished by the deceased by actually shooting at the defendant with a pistol, or by the act of drawing such weapon when the defendant was not at the time the aggressor, then the homicide was justifiable under the law, and not unlawful, and you must find from the evidence in this case beyond a reasonable doubt that the homicide was unlawful before you can convict the defendant of any offence."

In addition to being vague and confusing, this portion of the charge is misleading in that it places a burden upon the defendant which the law does not impose by instructing the jury that the evidence must show that at the time of the tragedy it "appeared to the defendant that there was eminent danger of the design" on the part of the deceased to kill the defendant or to do other harm or violence to him "being accomplished by the deceased by

*actually shooting* at the defendant with a pistol, or by the
*act of drawing* such weapon, when the defendant was not
at the time the aggressor," before the homicide could be
held to be justifiable. This goes too far. The deceased
would not have had actually to either shoot or draw the
pistol in order to make it appear to the defendant that
he was in imminent danger of the loss of his life or great
bodily harm or violence from the deceased. An attempt
upon the part of the deceased to draw his pistol or a dem-
onstration to that effect might well have produced the
apprehension in the mind of the defendant which the law
contemplates. We have often had occasion to state the
law applicable to charges and instructions relating to
self-defense. See Lane v. State, 44 Fla. 105, 32 South.
Rep. 896; Day v. State, 54 Fla. 25, 44 South. Rep. 715;
Morrison v. State, 42 Fla. 149, 28 South. Rep. 97. We
would also refer to Section 802 of Hughes' Instructions
to Juries. Upon another trial, guided by these authori-
ties, an apprpriate charge relating to self-defense may be
readily framed.

Without undertaking any discussion of the point, which
cannot be said to be properly presented before us, for the
guidance of the trial court upon another trial, we would
refer to McNish v. State, 45 Fla. 83, 34 South. Rep. 219,
110 Amer. St Rep. 65 and Daniels v. State, 57 Fla. 1, 48
South. Rep. 747, to the effect that testimony as to confes-
sions of guilt made by an accused party to officers, espe-
cially when such party is under arrest, is not admissible
in evidence at the trial, unless it is clearly shown that the
confession was voluntarily made after such party is fully
advised of his rights under the law. See also McNish v.
State, 47 Fla. 69, 36 South. Rep. 176.

For the error found the judgment must be and the same is hereby reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.