NATHAN EDWARDS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed March 15, 1916.

1.  A voluntary confession to an officer is not rendered inadmissible because made by one in custody who had been warned or cautioned against self incrimination.

2.  Calling an officer "friend" does not indicate that a confession was induced improperly.

3.  Evidence that the corpse of A was found with holes in the body and other portions made by shot is sufficient as to *corpus delicti* to admit a confession.

4.  The evidence does not show insanity.

Writ of Error to Circuit Court, Palm Beach County; H. Pierre Branning, Jr., Judge.

Judgment affirmed.

*A. R. Roebuck* and *H. F. Dunkle,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—Nathan Edwards was convicted of manslaughter and sentenced to the State Prison for a term of ten years.

While under arrest he made a full confession to the officer having him in charge, a few hours after the preliminary hearing at which he had been cautioned by the committing magistrate that any statement he might make would be used against him.   The deputy sheriff to whom the confession was made testified that it was made freely and voluntarily and without any inducement or threat being offered. · The confession began with the words "I will tell you as a friend, Mr. Barber, I did it."

In the recent case of McDonald v. State, 70 Fla. 250, 70 South. Rep. 24, we reviewed our former decisions, and held that a voluntary confession to an officer is not rendered inadmissible by reason of the fact that it was not preceded by a warning or caution that the one in custody need not incriminate himself, and that his words might be used against him.

It is argued that the use of the word "friend" indicated some inducement, but that this word was merely a colloquial meaningless expression appears from the fact that the two were strangers to each other.

·Some attempt was made to prove that Edwards was not in his right mind when the confession was made, but this attempt was not made until after the confession was admitted.

Prior to the admission of this confession the State had proven the finding of the dead body of D. D. Sharkie, with whose murder Edwards was charged.   Though the body was beginning to decompose, it was identified as Sharkie, and there were holes in the body made by shot, and shot were found imbedded in the upper teeth, the collar bone had been perforated with shot.   We think

this sufficient proof of the *corpus delicti* to admit the confession.

The accused was represented by counsel who offered a vigorous objection to the admission of this confession, but who made no suggestion as to paucity of proof as to the *corpus delicti.*

The only remaining assignment questions the sufficiency of the evidence, as to the sanity of the plaintiff in error. No expert testimony was offered; nothing in fact but what any one accused of crime might present. Some thought he took the charge too indifferently. That he was excited at the time of the killing by familiarities between Sharkie and his wife was doubtless the operating cause in the action of the jury in reducing the grade of the crime from murder to manslaughter. We follow the Circuit Judge in giving to the mental status of the accused no higher consideration.

The judgment is affirmed.

TAYLOR, C. J., and SHACKLEFORD and ELLIS, JJ.. concur.

WHITFIELD, J., absent on account of illness.