A. S. PHILLIPS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Division A.

## Opinion Filed July 2, 1924.

1. Where a person is tried upon a charge of murder and the jury returns a verdict of manslaughter, such verdict is an acquittal of the charge of murder.

2. Premeditation is an essential element in the crime of murder in the first degree and in the trial of one upon such an indictment such essential element must be proved as any other fact, but may be shown by circumstantial evidence.

3. Upon the trial of an indictment for murder, evidence is admissible which tends to show the relations of the accused and the deceased growing out of the accused's unethical, immoral and unlawful attitude toward the daughter of the deceased.

4. Remoteness of evidence is no objection to its competency if it tends to show motive.

5. The statements of an accused while in the custody of an officer are admissible in evidence if they are incriminating if such statements were voluntarily made. It is not necessary in such case for the officer to warn the accused that what he may say can be used against him.

A Writ of Error to the Circuit Court for Hamilton County, M. F. Horne, Judge.

Judgment affirmed.

*I. J. McCall,* for Plaintiff in Error.

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

ELLIS, J.—A. S. Phillips, the plaintiff in error, was convicted of manslaughter under an indictment charging him with the murder of B. W. Silas at White Springs, Florida, on October 3, 1922, and brings error.

Phillips shot Silas with a pistol at the railroad depot in White Springs about eight o'clock at night. Several persons were at the depot waiting for the train which was late. Silas approached Phillips and called him away under pretext of having something to say to him. The two men walked a short way down the railroad track, became engaged in some heated conversation when Silas, according to the testimony of Phillips, called Phillips a liar and struck him in the face. Phillips drew a pistol and fired three times at Silas, killing him almost instantly.

When the first shot was fired Silas had his hands elevated above his head, had asked Phillips not to shoot him, and had appealed to a person who was approaching to enlist his aid to prevent Phillips from shooting. One bullet entered the body of Silas under the left arm; one struck the "blade bone" but did not enter the chest and the other entered the body between the "blade bone and the back bone" and went into the thorax. Either the first or the third wound would have produced death, so a phyisican testified. Silas was in his shirt sleeves and his shirt showed a "small powder burn" over the wound under the left arm.

The evidence in the case as disclosed by the record amply sustains the verdict of manslaughter which was an acquit-

tal of the charge of murder. See McCoy v. State, 40 Fla. 494, 24 South. Rep. 485; Ex Parte Vickery, 51 Fla. 141, 40 South. Rep. 77; Johnson v. State, 27 Fla. 245, 9 South. Rep. 208; Golding v. State, 31 Fla. 262, 12 South. Rep. 525.

The witness W. D. Johnson testified for the State that within a year before the killing of Silas the defendant stated to the witness that he thought a great deal of "Miss Lillian," who was the unmarried daughter of Silas. That the defendant and his "wife were mismatched, and he wished to damn her, that she would die, that she did not care anything about music and he did and that he could marry a woman that did love music."

The defendant moved to strike this testimony, but the motion was denied and the ruling constitutes the basis of the fourth and fifth assignments of error: The defendant was tried for murder in the first degree, an essential ele- ment in which is premeditation which must be proved as any other fact and may be shown by circumstantial evi- dence.

The testimony of both the young woman and her mother tended to show that the defendant had made overtures to the young girl that annoyed and frightened her.   The mother told her husband of this situation.   The defendant's conduct toward the girl tended to show an infatuation for her which under the circumstances he should have known would have beeen resented by her father as it had been by her mother.   He armed himself with a pistol and at the first demonstration of anger by the deceased toward the defendant, on account of the latter's intrusive solici- tude of the girl's reputation, killed him.

The evidence was admissible as tending to show the re- lation of the parties growing out of the defendant's un- ethical, if not immoral and unlawful, attitude toward the daughter of the man whom he killed.   It was admissible

to show the existence of a situation which being known to him might reasonably give rise to apprehension on his part of the consequences which might flow from such conduct and a motive for preparing for it.   For, a man in the defendant's situation to become offensively attentive to a young unmarried woman might reasonably expect to encounter opposition from her father, and if the man should arm himself against the day of such encounter and strike to kill the angered parent of his inamorata, it might reasonably be said that he was guilty of a murderous intention.

The remoteness of evidence is no objection to its competency if it tends in any way to show motive.   See 6 Ency. of Evidence, 713-714.

In Johnson v. State, 24 Fla. 162, 4 South. Rep. 535, this court held that illicit relations between the defendant and the wife of the deceased were admissable as evidencing the former's motive for killing the deceased.  · If that motive was to remove the wife's legal protector in order that the slayer might continue his illegal attention to the woman, it may exist when the object of the slayer's attention is a daughter under age.

The reasonableness of a motive whether it is logical in all its bearings consistent and potent cannot be the subject of discussion with any hope of obtaining a rule for the guidance of trial judges.   For while the passions of avarice, jealousy, love and hatred are common and may be universally recognized as influencing conduct it is impossible to follow the processes of cogitation in a mind through which any of such emotions are passing.

Mr. C. R. Sistrunk, a deputy sheriff who arrested the defendant, testified that about fifteen minutes after he placed the defendant in jail he made a statement to the witness, in answer to a question by the latter as to why

the defendant shot the deceased, to the effect that he told the deceased "that his little girl had offered herself" to him and he would not accept her and then "Silas hit him in the mouth and said that he would kill him, then he said, 'I did what I did.'" It affirmatively appeared that the statement was voluntarily made.

The defendant's counsel objected to the evidence, but the objection was overruled. The grounds were that the defendant was in jail, in charge of the witness and had been lead to believe that the witness was his friend and that witness and others were trying to protect him and that the statement was not voluntary. The last ground being the only valid ground, if it existed, of an objection to the statement of the defendant is contradicted by the record. It is not the relation existing between the parties that renders a confession under like circumstances admissible or not, but whether it was voluntarily made. It was not necessary for the officer to warn the defendant that what he might say could be used against him as the statement was not made in court. See McDonald v. State, 70 Fla. 250, 70 South. Rep. 24.

No error appearing in the record, the judgment is affirmed.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.