MARVIN DAVIS, AND JOHN YOUNGUE, *Plaintiffs in Error*, v.
THE STATE OF FLORIDA, *Defendant in Error*.

### Division A.

### Opinion Filed October 8, 1925.

One charged with crime is entitled to a fair and impartial jury
to try his cause, but he is not entitled to any particular jury
or juror to do this.

A Writ of Error to the Criminal Court of Record for
Duval County; James M. Peeler, Judge.

Affirmed.

*McNamee, Wilson* and *Koester,* Attorneys for Plaintiffs
in Error;

*Rivers Buford,* Attorney General, and *Marvin C. Mc-
Intosh,* Assistant Attorney General, for Defendant in Error.

TERRELL, J.—Marvin Davis and John Youngue were in-
formed against in the Criminal Court of Record of Duval
County, January 23, 1925, for breaking and entering a
building with intent to commit a felony and grand larceny.
They were convicted as charged in the information.  Marvin
Davis was sentenced to confinement in the State peniten-
tiary at hard labor for a term of nine years, and John
Youngue was sentenced to confinement in the State peniten-
tiary at hard labor for a term of five years.  Motion for new
trial was denied and writ of error taken to this court.

The first assignment of error challenges the refusal of the
trial court to excuse for cause the jurors, J. C. Dupree, E.
T. Wooly, C. P. Tanner and L. M. Wilsey.

The ground of challenge for cause was that these jurors had on the previous day at the same term sat in the trial of and had convicted Marvin Davis, Walter Davis, Clinton H. Peeler and George Jacobs for breaking and entering with intent to commit a misdemeanor and petit larceny.

This court has repeatedly held that one charged with crime is entitled to a fair and impartial jury to try his cause, but that he is not entitled to any particular jury or juror to do this. It is not charged that defendant did not have a fair and impartial jury, and the record discloses that the jury which tried the defendants was different from the one which tried the case of Davis v. State, on the previous day. The record does not show that the defendants exhausted their peremptory challenges on any person or persons offered as jurors, or that any right of theirs was prejudiced, nor is error made to appear in connection with the selection of the jury. Stokes v. State, 54 Fla. 109, 44 South. Rep. 749; Young v. State 85, 348, 96 So. 381.

All other assignments of error have been examined carefully, and the questions presented by them have been fully covered in Davis v. State, decided this term, so a discussion of them would serve no useful purpose.

The judgment below is therefore affirmed.

WEST, C. J., AND WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.