STATE, ex rel. CLYDE STOUTAMIRE, v. NATHAN MAYO, as Commissioner of Agriculture, and L. F. CHAPMAN, as Superintendent of the State Penitentiary.

175 So. 808.
Opinion Filed July 29, 1937.

*J. Lewis Hall* and *Clyde W. Atkinson,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondents.

BROWN, J.—On May 27, 1937, the petitioner presented to the late Mr. Justice FRED H. DAVIS, then one of the Justices of this Court, his petition for writ of habeas corpus addressed to the respondents. Justice DAVIS granted the writ and made it returnable before Hon. A. Z. Adkins, Circuit Judge for Union County.

The petition alleged that the petitioner had been convicted in the Criminal Court of Record of Duval County, Florida, on April 27, 1937, of grand larceny and was thereupon sentenced to five years in the penitentiary; that upon said conviction and sentence on charge of grand larceny, petitioner had sued out a writ of error to this Court and supersedeas bond was set at $2,500.00, which bond had been given and approved by the Clerk of the Criminal Court of Record of Duval County. A certified copy of the information charging petitioner with grand larceny was attached thereto.

The petition further alleged that as shown by the exhibit attached to the petition, the Criminal Court of Record of Duval County further ordered and adjudged the petitioner to be a common and notorious thief and imposed a sentence of five years in the State Penitentiary to begin at the expiration of the first sentence, and the petition alleges that the second sentence is void and of no effect and that petitioner was being held in custody illegally by the respondents.

The copy of the judgment attached to the petition shows that the Criminal Court of Record adjudged the defendant guilty of the offense of grand larceny and imposed a sentence of five years in the penitentiary. Then the Court goes on to say in the same entry of judgment that:

"It appearing to the Court that the defendant Clyde Stoutamire was convicted on two previous charges of larceny, being cases 7616 and 7703, it is adjudged by the Court that the defendant, Clyde Stoutamire, is a common and notorious thief; thereupon, it is ordered and adjudged by the Court," etc. The remainder of the order being that the defendant be taken by the sheriff of Duval County to the offices of the State Penitentiary and be imprisoned at hard labor for the period of five years in addition to the sentence already imposed in this cause, said sentence to commence after the

expiration of the sentence in case No. 9946, being the case in which the judgment was rendered.

The indictment for grand larceny upon which the petitioner was convicted did not charge that he had been guilty of any previous offenses.

The respondents filed before Judge Adkins their return in which it is alleged that before the petitioner was convicted of the offense of grand larceny on April 27, 1937, as alleged in the petition, he had previously been convicted twice of the offense of petit larceny; that he was convicted in the Criminal Court of Record of Duval County on November 8, 1935, of petit larceny and sentenced to four months in the county jail, and that on the same date he had been convicted of another offense of petit larceny and likewise sentenced to four months in the county jail, which sentence was to commence at the expiration of the sentence in the first case of petit larceny. Certified copy of the informations and sentence of the court are attached and made a part of the return and show that they were the previous convictions of larceny referred to in the judgment of the Criminal Court of Record, rendered on April 27, 1937, above referred to and bore the same case numbers. That respondents are holding the petitioner in their custody pursuant to said judgment of conviction, sentence and commitment, authenticated copies of which are attached.

It will be observed that the return of the respondents do not deny that the defendant had made the supersedeas bond as required by the Judge of the Criminal Court of Record in connection with his writ of error to this Court, which would have the effect of superseding said judgment pending the determination of said writ of error, at least in so far as the judgment of conviction of grand larceny rendered on April 27, 1937, is concerned. It is not necessary for us here to determine whether the giving of the supersedeas

bond had the effect of superseding that part of the judgment which found that the defendant had been convicted on two previous occasions and imposed an additional sentence of five years. This additional judgment and sentence had no legal foundation, as will presently be shown.

In imposing this additional judgment and sentence of five years the Court was acting under its construction of Section 7233 C. G. L., being Section 5132 of the Rev. Gen. Stats. of 1920.

This Court in the case of State, *ex rel.* Cherry, v. Davidson as Sheriff, etc., 103 Fla. 954, 139 So. 177, in which the opinion was written by Mr. Justice DAVIS and concurred in by all the members of the Court, held that said Section 7233 should, for the reasons set forth in that opinion, be construed as referring to previous convictions for grand larceny, that is, larceny which was a felony. After going into the history of this statute and related statutes, the opinion says:

"So considering the history and original purpose of Section 7233 C. G. L., *supra,* which first came into existence as Section 22 of the Act of 1868, we are impelled to the conclusion that said Section 7233 should be construed to mean that whoever having been convicted of the crime of larceny or of being an accessory to the crime of larceny, where the conviction for larceny was a felony, afterwards commits the crime of larceny or is accessory thereto before the fact and is convicted thereof, and whoever is convicted at the same term of the court, either as a principal or accessory before the fact of two distinct larcenies which would each be felonies, shall be deemed a common and notorious thief, etc."

As the record here shows that both the previous convictions upon which the court based the judgment and sentence were convictions for petit larcenies, it is clear that the ad-

ditional sentence of five years based on these two convictions was and is void.

This makes it unnecessary for us to decide the further contention made by counsel for petitioner, that inasmuch as the information for grand larceny upon which the defendant was convicted in April, 1937, did not contain any allegations whatever with regard to any previous convictions, the court was without jurisdiction to impose the additional sentence based on such previous convictions, as to which the defendant had not been given, by appropriate allegations in the information, an opportunity to be heard. In support of their very cogent argument on this point counsel cite 22 Cyc. of Law and Proc. 365; 19 Encyc. of Pldg. and Prac. 489; Smith v. State, 75 Fla. 468, 78 So. 530, and State, *ex rel.* Lockmiller, v. Mayo, 88 Fla. 96, 101 So. 228. On the other hand counsel for the respondents cite *Ex parte* Simmons, 73 Fla. 998, 75 So. 542. However, the point in question was not discussed in the Simmons case. It was merely held in that case that the trial court should by appropriate procedure adjudicate that the identical person sentenced thereunder had been theretofore convicted as stated in the statute, as a prerequisite to the imposition of the greater punishment, and that because thereof he was under the law adjudged to be a common and notorious thief, for which the greater sentence was imposed.

While the petition alleged, as above stated, that supersedeas bond had been set at $2,500.00 in the case in which the petitioner was convicted of grand larceny, and that petitioner had given the bond and that it had been approved by the Clerk of the Criminal Court of Record of Duval County, and this allegation not having been denied by the respondents, the fact remains that the record does not set out a copy of the supersedeas bond or any record showing that it had been approved by said Clerk. We will, therefore,

confine our order in this case to that part of the judgment of April 27, 1937, finding that the defendant had been convicted on two previous charges of larceny, which were cases of petit larceny, and imposing the additional sentence of five years. This part of the judgment must be held illegal and void.

The order of the Circuit Judge of the 8th Judicial Circuit remanding the petitioner to custody should be amended so as to discharge the petitioner from custody under said judgment imposing the additional sentence of five years above referred to, and with instructions to permit the petitioner, on proper application, to have a rehearing of said petition and if upon such rehearing it should be made to appear to the Circuit Judge that the petitioner did sue out a writ of error to this Court to said judgment of conviction for grand larceny and that the Judge of the Criminal Court of Record of Duval County did fix the amount of supersedeas bond and that bond was duly made and furnished by the petitioner as required by the order of the said Court, as alleged in the petition, then the petitioner would be entitled to an order discharging him from custody unconditionally and the Circuit Judge would be authorized to enter such an order.

Reversed and remanded with directions for further proceedings consistent with the foregoing opinion.

ELLIS, C. J., and TERRELL, BUFORD and CHAPMAN, J. J., concur.