Clyde Stoutamire and Jack Harris v. State.

183 So. 316.
Opinion Filed August 1, 1938.
Rehearing Denied September 30, 1938.

J. Lewis Hall, Clyde W. Atkinson, Charles Miller and Charles Flynn, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Tyrus A. Norwood, Assistant Attorney General, for the State.

BROWN, J.—The plaintiffs in error, Clyde Stoutamire and Jack Harris, along with Peter Manski, were informed against in the Criminal Court of Record of Duval County on the 10th day of December, 1936, the information charging them jointly in one count with the larceny of one automobile, the property of Thomas F. Anglin. No motion for severance or a separate trial was requested by any of the defendants and they were tried jointly in March, 1937, found guilty and sentenced to a prison term. Manski was given a suspended sentence, and Clyde Stoutamire and Jack Harris took writ of error from the judgment and sentence.

Thomas F. Anglin testified that he bought an automobile from the defendant, Clyde Stoutamire; that he parked his car on Bay Street in Jacksonville on November 25, 1936, and when he came back to get it, it was gone; that a week later he found his car at the police station painted black. although when it was stolen it was painted grey. That the motor numbers had been ground off when the car was recovered. Gene Austin testified that the defendant, Peter Manski, brought the car into the Shad Garage on Saturday afternoon to be painted. The defendant, Stoutamire, worked at this place.

Tomlinson, a city detective, testified that he found the car in the Shad Garage newly painted with the motor num-

bers recently filed off; that Stoutamire had the car to re-paint. At this point a confession of Stoutamire was attempted to be introduced and the Court, after determining that it was freely and voluntarily made to the officers, admitted it.

This raises the main question presented upon this appeal. It is contended by plaintiffs in error that a confession made to an officer, while the defendant was in custody, is not admissible unless it is shown that the officers advised the defendant of his constitutional rights and that anything he said might be used against him at the trial.

The leading Florida case on this question is McDonald v. State, 70 Fla. 250, 70 So. 24. It is there stated:

"The language used by this Court in some opinions dealing with the admissibility in evidence of confessions made by an accused person under arrest seems to indicate that the view has obtained here that a confession of guilt, freely and voluntarily made by an accused person to an officer who has merely arrested such person, is not admissible in evidence at the trial of such person, unless it is clearly shown that the accused person was fully advised by the officer or some person in authority of accused person's rights under the law. We think, however, that a careful review of the many decisions by this Court upon the subject of admissibility of confessions will show that no such view has been expressed.

"The distinction has been drawn between judicial and extrajudicial confessions, and this Court has invariably held that in cases where the confession offered in evidence could be classed as a judicial confession it was necessary to its admissibility that it be preceded by a warning or caution that the accused need not incriminate himself, and that his words might be used against him at the trial. In a

recent and most excellent work, entitled 'Ruling Case Law,' the subject is exhaustively discussed. 1 R. C. L. 569."

Then follows a review of the earlier cases, pointing out that the cases in which this Court had held a warning or caution necessary were dealing with judicial confessions.

The Court followed this rule in Edwards v. State, 71 Fla. 354, 71 So. 331:

"In the recent case of McDonald v. State, 70 Fla. 250, 70 So. 24, we reviewed our former decisions, and held that a voluntary confession to an officer is not rendered inadmissible by reason of the fact that it was not preceded by a warning or caution that the one in custody need not incriminate himself, and that his words might be used against him."

And again in Phillips v. State, 88 Fla. 117, 101 So. 205:

"It was not necessary for the officer to warn the defendant that what he might say could be used against him, as the statement was not made in court. See McDonald v. State, 70 Fla. 250, 70 So. 24."

The cases of Davis v. State, 90 Fla. 322, 105 So. 843, and Nickels v. State, 90 Fla. 659, 106 So. 479, cited by plaintiffs in error, do not appear to be in point, as the accused was previously warned in both of these cases and it was unnecessary to decide this question.

Plaintiffs in error contend that in the recent case of Hulst v. State, 123 Fla. 315, 166 So. 828, this Court abandoned this rule and held that it was necessary to the admissibility of an extrajudicial confession that the accused be previously warned of his constitutional rights. The following portion of the opinion is relied upon:

"*Though a confession made to an officer by a person under arrest is inadmissible at the trial, unless it clearly appears that it was voluntarily made after he was fully advised of*

*his rights under the law, Howell v. State, 66 Fla. 210, 63 So. 421;* yet statements freely and voluntarily made by one accused of crime are admissible against him as proof of independent facts and not as proof of confession of guilt. 1 R. C. L. 472, Paragraph 7. The admission of defendant to the policemen that he was drunk at the time the truck fatally injured deceased, was not a confession of guilt, but was merely an admission of fact. There is no showing that this admission, although made by the accused in ignorance of his right to remain silent, was not freely and voluntarily made, and it is not inadmissible on that ground."

That part of the above opinion relied upon by plaintiffs in error is clearly *dicta* as the statements made by defendant in that case were admissions and not a confession. Further the Howell case, *supra,* does not lay down this doctrine. As pointed out by Mr. Justice ELLIS in the McDonald case, *supra,* "the references made by the Court in the Howell case, 66 Fla. 210, 63 South. Rep. 421, were only to those cases in which the admissibility of judicial confessions was considered. But the Howell case does not purport to discuss the question. It is stated that the point was not properly presented before the court." The latest expression of this Court on this important question will be found in Kearson v. State, 128 Fla. 324, 166 So. 832:

"Statements of an accused while in the custody of an officer are admissible in evidence, though they are not incriminating, if such statements are voluntarily made. It is not necessary in such case for the officer to warn the accused that what he may say can be used against him. Phillips v. State, 88 Fla. 117, 101 So. 204."

For a further discussion of the subject see 1 R. C. L. 567, Paragraph 112; 16 C. J. 723, *et seq.;* L. R. A. (N. S.) 768, *et seq.;* Underhill's Criminal Evidence, 4th Edition, Page 523.

The trial judge has determined that the confession was a voluntary one and this Court must indulge the presumption that the finding was correct. Davis v. State, 90 Fla. 317, 105 So. 843; Thomas v. State, 55 Fla. 122, 51 So. 410. Often the fact that the accused was warned or advised of his constitutional rights is an important factor in determining whether or not a confession was freely and voluntarily made; however, we are of the opinion that there is ample evidence to sustain the findings of the trial judge, and under the rule established by the decisions of this Court this extrajudicial confession is not rendered inadmissible merely because the accused was not so advised.

Plaintiffs in error contend that the *corpus delicti* was not *prima facie* established before the confession was introduced in evidence, and therefore the alleged confession of Clyde Stoutamire was inadmissible.

In the case of Nickels v. State, 90 Fla. 659, 106 So. 479, text 486, it was stated:

"The *corpus delicti* need not be proven beyond a reasonable doubt as a basis for the introduction of a confession of the accused. That degree of proof, though requisite to a conviction, is not a necessary prerequisite to the admission of the confession. If, when the confession is offered, there be already before the jury evidence tending to show that the offense to which the confession relates has been committed, the court should admit the confession if it is free and voluntary and otherwise admissible; the court deciding in the first instances whether the evidence of the *corpus delicti* is *prima facie* sufficient to authorize the introduction of the confession in evidence. Holland v. State, 39 Fla. 178, 22 So. 298; Parrish v. State (Fla.) 105 So. 130; Tucker v. State, 64 Fla. 518, 59 So. 941."

And in Parrish v. State, 90 Fla. 25, 105 So. 130, the Court held that if the confession be admitted prior to such

proof, and additional proof of the *corpus delicti* is afterwards introduced independent of the confession, which *prima facie* establishes the *corpus delicti* and would have justified the admission of such confession, the technical error in prematurely admitting the confession will be cured.

In the present case, we are of the opinion that the proof of the *corpus delicti* is *prima facie* sufficient to authorize the introduction of the Stoutamire confession. The case of Cross v. State, 96 Fla. 768, 119 So. 380, is closely in point on this question. Mr. Justice STRUM, speaking for the Court, stated:

"In larceny the *corpus delicti* consists of two elements: (a) That the property was lost by the owner, and (b) that it was lost by a felonious taking; and 'while it cannot be established by the confession of the defendant alone it is the rule that such confession or admission may be considered in connection with the other evidence to establish it.' Groover v. State, 82 Fla. 427, 90 So. 473, 26 A. L. R. 375. It is not essential that the *corpus delicti,* in larceny, should be established by evidence independent of that which tends to connect the accused with the commission of the offense. The same evidence which tends to prove the one may also tend to prove the other, so that the existence of the crime and the guilt of the defendant may stand together inseparable on one foundation of circumstantial evidence. An extrajudicial confession or admission by the accused may be considered in connection with the other evidence, to establish the *corpus delicti,* although, as stated, the *corpus delicti* cannot rest upon the confession or admission alone. 17 R. C. L. page 64; Groover v. State, *supra;* Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L. R. A. (N. S.) 536. As a prerequisite to the introduction in evidence of a confession of the accused, the *corpus delicti* need be established only *prima facie,* though its establishment beyond a reason-

able doubt is necessary to support a conviction." (Citing cases.)

The witness, Thomas F. Anglin, testified that his car was stolen. He identified the car found in the custody of the defendant, Stoutamire, as his car. The car had been painted a different color and the motor numbers filed off, in an attempt to disguise its identity. Tomlinson, a city detective, testified that he found the car in the Shad Garage and that it had been freshly painted and the motor numbers recently filed off. The license plate was found there in the garage and was the same number as the car stolen from Anglin. This testimony was sufficient to establish the *corpus delicti,* at least *prima facie,* and the admission of the confession was not error.

It is further contended that the State wholly and completely failed to make out a case against Jack Harris, because the only testimony connecting Harris with the larceny of the automobile was the confession of Clyde Stoutamire.

It is true that the confession of Stoutamire implicated both Manski and Harris and detailed the part that each played in the larceny; however, the court instructed the jury after each of the officers testified, that they should consider the confession only in connection with the guilt or innocence of Stoutamire and should not consider it in connection with the guilt or innocence of the other two defendants.

The general rule is stated in 1 R. C. L. 574 as follows:

"Upon the trial of two or more defendants for a crime, a confession made by one of them is admissible against him, although it implicates the others and tends to prejudice them before the jury. * * *

"Where, however, two or more defendants are jointly tried for the same offense or for a conspiracy to commit it,

the declaration of no one of them made in the absence of the others after the completion of the offense is competent evidence against the others. The prejudicial effect, as against the co-defendant, of a confession implicating him when admitted in evidence is supposed to be obviated by an instruction by the court that the confession must be considered only against the defendant who made it, and such an instruction should be given."

The confession was properly admitted even though it implicated the two co-defendants, as the trial judge thoroughly instructed the jury that the confession was only to be considered against the defendant who made it. This prejudicial effect could have been further obviated by a severance, but counsel did not request the trial court to allow them separate trials.

Even though the court did not err in admitting the confession, still the conviction of the co-defendants must be predicated on other competent evidence, and not on the alleged confession of Stoutamire. It is contended that, without Stoutamire's confession which was clearly inadmissible as proving the State's case against the co-defendants, there was not sufficient evidence to warrant a conviction of the defendant, Jack Harris. We think this contention is well founded.

None of the defendants took the witness stand.

Without detailing the testimony, we need only say that while Harris' admissions to the policeman may have afforded ground for a strong suspicion that Harris knew, or had reason to suspect, that the car he admitted having rented a garage for at Stoutamire's request was a stolen car, there was no legal evidence showing that Harris had anything to do with the actual stealing of the car.

It must be remembered that Harris was not being tried for receiving or concealing, or aiding in the concealment,

of stolen property, knowing it to have been stolen; he was being tried for larceny—the stealing of an automobile..

The motion for new trial should have been granted as to Jack Harris, the judgment as to him is reversed.

The judgment of conviction as to Clyde Stoutamire is affirmed, including the sentence to five years imprisonment in the State Penitentiary. The additional sentence to an additional five years imposed upon Stoutamire on the ground that he was a common and notorious thief, was held void, in habeas corpus proceedings. See State, *ex rel.* Stoutamire, v. Mayo, 128 Fla. 843, 175 So. 808, and that part of the sentence is accordingly not embraced in this affirmance.

ELLIS, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.