DAYTON, ORVIL L., Jr., Associate Judge.
Appellant was indicted for the crime of first degree murder by the Grand Jury of Hillsborough County on November 6, 1957. On December 17, 1957, appellant was tried and convicted of second degree murder in the Circuit Court of Hills-borough County.
The only point for determination raised by appellant is whether or not the confession of the appellant was properly obtained and' admitted in evidence at the trial.
It is abundantly clear from the Record that the confession of the appellant to police officers was freely and voluntarily made with the knowledge that such confession could be used against him at the trial. It has long been held by the Supreme Court of Florida that a voluntary confession to a police officer is admissible in evidence, although no actual warning h> the accused was given to the effect that any statement made by him might be used against him in a subsequent trial. McDonald v. State, 70 Fla. 250, 70 So. 24; Edwards v. State, 71 Fla. 354, 71 So. 331; Phillips v. State, 88 Fla. 117, 101 So. 204; Williams v. State, 143 Fla. 826, 197 So. 562.
Since this is the only question raised by appellant on this appeal, the judgment of the lower Court is, therefore, affirmed.
KANNER, C. J., and ALLEN, J., concur.