KANNER, Acting Chief Judge.
Anthony Cappetta and Nicholas Cappetta, defendants-appellants, protest on this appeal the judgments of conviction and sentences resulting from their joint trial before a jury under a charge of the crime of possessing burglary tools in violation of section 810.06, Florida Statutes, F.S.A. Only two questions are brought before this court, (1) whether the trial court erroneously admitted into evidence the statement of ownership of the burglary tools made by Anthony Cappetta in the absence of his codefendant, Nicholas Cappetta, and (2) whether appellants were denied the right to cross-examine the testifying officer who identified the bags of burglary tools introduced into evidence.
As a preface to our discussion of these points, the factual environment of appellants’ arrest may be sketched. Upon the night in question, they were observed at the back door of a building occupied by the Gator Distributing Company in Tampa, Florida, at 11:30 between the rear door of the structure and a boxcar which stood on a railroad siding four or five feet distant. When approached by merchant police officers, Anthony ran to the north side of the building, while Nicholas fled by scaling the side of the boxcar and flattening himself atop it. Both men were apprehended; and they were later taken into custody by police of the City of Tampa, who were called to the scene. The two appellants, who are brothers, were transported from the place of their apprehension separately, with Anthony being left behind with an officer who conducted an investigation at the scene. During the course of that investigation, Anthony, in Nicholas’s absence, acknowledged to one of the officers that two crowbars discovered on the ground between the boxcar and door where they had been standing were “ours.” He also volunteered to and did lead officers to the hiding place of the rest of the burglary tools. These were in two bags when found and they included, by testimony of the identifying officer, a sledge hammer, an electric drill, an extension cord, wood chisels, cold chisels, bits for drills, brace and bit, and a rope with knots tied about every foot the length of it. These, along with the crowbars, pairs of gloves which were being worn by the two men at the time of their arrest, and two hard drills, a knife, and a small flashlight found in the pocket of Anthony were later introduced into evidence, as were photographs made of all tools and other bits of evidence, identified by the police identification officer who took them, as well as by other officers who observed them and this *187 process. The rear door of the Gator establishment showed fresh indentation marks, with the bar on the inside of it bent in such fashion that the door was sprung.
During trial, neither of the Cappettas testified; nor was any testimony offered on their behalf. The subject of their first appeal point concerns testimony relating to information imparted by Anthony as to ■ownership of burglary tools. Objection to testimony of this nature was interposed by their counsel as to Nicholas, predicated upon his absence when Anthony made the obj ected-to statement. Thereupon the court instructed the jury as follows:
“All right. Gentlemen of the Jury, the defendant who was present during this conversation, the testimony will be ■admissible as to him. The testimony will not be admissible as to the other defendant who was not present. Therefore, you will accept that portion of the testimony against the defendant who was present. You will disregard it as to the defendant who was not present at that time. All right.”
Later, upon like objection of appellants, the court reiterated:
“Gentlemen, the conversation would be hearsay as to the one defendant that was not present. Therefore, you are not entitled to consider the conversation against the one who was not present. So, disregard it as to him but ■consider it as to the other defendant, the one who was present.”
Generally, upon trial of two or more •defendants for a crime, a confession, statement, or admission, made by one of them is admissible into evidence against him, notwithstanding that it implicates the others and tends to prejudice them before the jury. However, where two or more defendants are tried jointly for the same offense, the declaration of any one of them made in the absence of the others after completion of the offense will not constitute competent evidence against the others. The prejudicial effect of a confession, statement, or admission as against a codefendant, implicating him when admitted in evidence is supposed to be obviated by an instruction to the jury that it is to be considered only against the defendant who made it; and the court should give such an instruction. See Stoutamire v. State, 1938, 133 Fla. 757, 183 So. 316; Blanco v. State, 1942, 150 Fla. 98, 7 So.2d 333; Hanson v. State, Fla.1952, 56 So.2d 129; Gagne v. State, Fla.App.1962, 138 So.2d 90, 93.
Here, testimony concerning the statement of Anthony Cappetta was properly admitted, even though the effect was to implicate also his codefendant. When the question was first raised and then again at a later stage of the trial, the judge instructed the jury that the statement made by Anthony Cappetta as related in the testimony was not to be considered against the other defendant, who was absent when it was made. It is to be noted that there was no request made to the trial court for a severance into two trials, but, rather, appellants waived arraignment, entered pleas of not guilty, and went to trial as codefendants. Since the trial court made clear and by repetition emphasized the limitation imposed on the jury as to its consideration of testimony concerning the revelatory statement of Anthony, the circumstances here presented yield no error under this appeal question.
Appellants’ complaint under their second stated problem is asserted denial of the right to cross-examine the testifying officer who identified the bags of burglary tools introduced into evidence, to inspect the bags to see if the contents were as alleged, and to examine the testifying officer as to whether or not each specific item was in fact a burglary tool. It appears, however, from the record that appellants’ counsel did examine the witness in question before the tools had ever been admitted into evidence. This was accomplished through request by their counsel at a point when, upon the close of direct testimony of the identifying witness, the prosecutor had *188 asked permission to offer into evidence the particular exhibits. It was the request of appellants’ counsel which the court granted. At the conclusion of his questioning, appellants’ counsel objected to admission of the exhibits, the objection was overruled, and the bags of tools admitted into evidence. Cross-examination of the identifying officer by appellants’ counsel was also had, with full latitude being accorded him in this process. Nor can we ascertain that appellants were precluded from examination of the evidence or from exploring the matter of whether each of the specified implements and accouterments was actually a burglary tool.
Since no reversible or harmful error has been disclosed, it follows that the judgments of conviction and the sentences imposed by the court below must stand.
Affirmed.
SHANNON, J., and DURDEN, WILLIAM L., Associate Judge, concur.