171 So.2d 574 (1965)
Grady Allen BELGER, Appellant,
v.
STATE of Florida, Appellee.
No. F-549.
District Court of Appeal of Florida. First District.
January 26, 1965.
On Denial of Rehearing February 25, 1965.
*576 Mahon & Stratford, Jacksonville, for appellant.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant was informed against in the Criminal Court of Record in Duval County for the offense of murder in the second degree. He was tried and convicted of the offense of manslaughter. From a judgment of conviction and sentence, he has appealed.
By his first point appellant challenges the correctness of the trial court's ruling which admitted in evidence, over appellant's objection, two photographs taken of the victim at the scene of the crime. One photograph introduced through questions propounded to one of the police officers showed the body of the deceased lying on the floor between a bed and dresser. The officer testified that the photograph would be of assistance to the jury in understanding the testimony he was called upon to give in the case in that the picture represented the overall scene of the crime where the body of the victim was found, and the relationship of the fallen body to the furniture in the room. The other photograph of the victim's face was introduced by the testimony of a medical doctor who stated that the photograph would assist him in explaining to the jury the extent and location of the powder burns which he found on the victim's face at the time of his examination. The trial court overruled appellant's objection to the introduction of these photographs. Appellant contends that the photographs were gruesome, were of no assistance to the jury in understanding the evidence adduced by the State's witnesses and only tended to inflame the minds of the jury and prejudice the jury against appellant, thereby depriving him of a fair trial.
The question as to the admissibility in evidence of photographs taken at the scene of the crime was thoroughly discussed by the Supreme Court in its recent decision rendered in the case of Grant v. State of Florida.[1] In that case the court adhered to the well-established rule that photographs are admissible in evidence if they tend to illustrate or explain the testimony of the witness, or may be of assistance to the jury in understanding that testimony. The broad discretion accorded the trial judge in ruling on the admissibility of photographs will not be disturbed except when shown to be clearly abusive or patently erroneous under the circumstances revealed by the record. We therefore conclude that this appeal point is without merit and must be rejected.
Appellant also complains that the trial court erred in admitting over his objection testimony of a police officer in which he related a purported confession made by appellant at the jail after his arrest. Out of the presence of the jury the witness was examined as to the circumstances surrounding the proffered confession in which appellant is alleged to have said "that they (he and the victim) were fixing to leave and he put the bullets in his gun and jokingly *577 put it up towards the girl's head and the gun went off." An examination of the record discloses that the trial judge carefully considered the circumstances surrounding the alleged confession or statement by appellant and found that it had been freely and voluntarily made. The admissibility of such an extra-judicial confession was likewise thoroughly discussed by the Supreme Court in the Grant case, supra. In holding that the trial court did not commit error in that case the Supreme Court said:
"The confession appears to have been freely and voluntarily made as a result of reasonable choice. We find nothing in the voluminous record to indicate error in this respect."
It has long been the settled rule of law in this State that statements of an accused while in the custody of an officer are admissible in evidence, though they are incriminating, if such statements are voluntarily made. Furthermore, it is not necessary in such case for the officer to warn the accused that what he may say can be used against him.[2] We therefore conclude that the trial court was free from error in admitting appellant's purported confession made at the jail following his arrest.
Lastly, appellant complains that the trial court erred in admitting in evidence certain exhibits proffered by the State representing ballistic tests made with the gun found in appellant's possession after the crime. The State purported to show by these exhibits the similarity of powder burn patterns with the pattern of powder burns found on the victim's face.
Prior to trial appellant moved the court for an order requiring the State to produce for inspection any records, reports, photographs, statements, or any objects or items of material or physical evidence then possessed by the State, or to be used by it as evidence in the case. The State consented to the demands of this motion without the entry of a formal order thereon, pursuant to which there was furnished for appellant's inspection and examination the pistol surrendered by appellant after his arrest, cartridges, and photographs. Thereafter, and immediately prior to trial, the State procured the services of a ballistics expert who made tests with defendant's pistol for the purpose of developing patterns of powder burns on cloth by firing the gun at various distances. The purpose of offering this evidence at the trial was to show a similarity of the pattern of powder burns made by defendant's gun with the pattern of powder burns found on the victim's face, and for establishing the distance from the victim at which the gun was fired. Appellant objected to this evidence on the ground that it was not submitted to him for his examination and inspection prior to the trial in accordance with the requirements of his pretrial motion.
The pertinent statute pursuant to which appellant's motion was filed is as follows:
"* * * When a crime has been committed and the evidence of the state shall relate to ballistics, fingerprints, blood, semen, or other stains, or documents, papers, books, accounts, letters, photographs, objects, or other tangible things, upon motion showing good cause therefor, and upon notice to the prosecuting attorney, the court in which the action is pending, whether the committing magistrate's court or the court having jurisdiction to try the cause, may order the state to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated papers, books, accounts, letters, photographs, objects, or other tangible things. In examinations to be conducted by representatives of the state, as to ballistics, fingerprints, blood, semen, and other stains, the defendant, *578 upon motion and notice, as aforesaid, shall be permitted under order of court, to be present, or have present, an expert of his own selection, during the course of such examination. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs, and may prescribe such terms and conditions as are just."[3]
It has been held that the primary purpose of the foregoing statute is to furnish a defendant with information that will enable him better to prepare his defense.[4] There is no dispute but that the exhibits to which objection was made at the trial were developed and delivered to the State Attorney for his use only one or two days prior to the commencement of the trial, and long after the State had produced for appellant's inspection all other tangible items specified in the statute which it intended to offer in evidence at the trial. It is appellant's position that the spirit of the statute requires the State to immediately notify defendant of any evidence coming into its possession which it intends to use at the trial if an order has theretofore been entered by the court pursuant to the provisions of the mentioned statute. Appellant urges failure to do so should render any subsequently acquired evidence inadmissible. We find no authority, and none has been cited, to sustain this position. It appears only reasonable that if an order for inspection of evidence is entered pursuant to the provisions of the above-quoted statute, the State is obligated to make a good faith disclosure of all such items as it then has in its possession which it intends to introduce at the trial. If subsequent investigation develops additional evidence prior to the commencement of the trial, the defendant would likewise be entitled to have it submitted for inspection if a motion for that purpose is seasonably made. Failure of a defendant to make such a motion and procure thereon an order, or failure of the State to voluntarily submit such evidence to the defendant prior to the trial, will not necessarily render the evidence inadmissible. A broad discretion rests in the trial judge to determine whether the State has acted in good faith in making timely disclosure to a defendant of the items of evidence in the State's possession, if an order requiring this to be done has been entered in the cause.
We have carefully examined the record in this case and find that in overruling appellant's objection to the result of ballistic tests offered in evidence by the State, the trial judge agreed to make available to defendant during the trial the pistol used by the State's ballistics expert in order that similar tests could be made by defendant. The testimony indicated that the tests could be made in a matter of thirty minutes. It does not appear that defendant took advantage of the offer so made by the court, nor endeavored in any way to offset whatever advantage such evidence may have given the State in the presentation of its case against appellant. Under the circumstances we do not consider that the trial court's action constituted error.
Appellant devotes a section of his argument under this point of his brief in an attempt to demonstrate on other grounds that the trial court erred in admitting into evidence the above-mentioned ballistic exhibits over defendant's objection. Appellant alternatively contends that the exhibits were incompetent and immaterial in that the ballistics expert was unable to testify that the amount of gunpowder in the cartridges with which he performed his experiment was the same as was in the cartridge that killed the victim. Appellant supports this position by the decision rendered by our Supreme Court in McLendon *579 v. State.[5] We are unable to consider this phase of appellant's argument for the reason that the alleged error, if any, was not assigned as an error on this appeal. It is fundamental that any alleged error committed by the trial court will not be considered on appeal unless specifically set forth in the assignment of errors filed by appellant.[6]
The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.

ON REHEARING
WIGGINTON, Acting Chief Judge.
By his second point on appeal appellant poses the question: "Did not the trial court commit error in admitting into evidence the State's exhibits numbered 4, 5, 6 and 7, pertaining to ballistics and powder burns, which said exhibits were not exhibited to defense counsel for examination prior to trial as requested by the order of the court." The only assignment of error presented by appellant which could support an argument under the above-quoted point on appeal is his assignment of error number 5 which reads as follows: "That the Court erred in a decision of a matter of law arising during the course of the trial by admitting into evidence State's Exhibits No. 4-5-6-7, pertaining to ballistics and powder burns, which said Exhibits were not forwarded to defense counsel for examination prior to trial as required by the Order of the Court entered in response to Defendant's Motion for Discovery and Inspection."
From the foregoing assignment of error and point on appeal the only question brought to this Court for its decision concerning State's exhibits numbered 4, 5, 6 and 7, was whether the court erred in admitting these exhibits into evidence in view of the fact that they had not been exhibited to defense counsel for examination prior to trial. We discussed and disposed of this question in our main opinion by holding that no error had been made to appear as a result of the trial court's action in admitting into evidence the objectionable exhibits. We also acknowledged that under this point on appeal appellant sought to argue the inadmissibility and irrelevancy of the exhibits, claiming that on this ground the trial court committed prejudicial error in overruling his objection to the admission in evidence of the exhibits. We pointed out, however, that there was no assignment covering or pertaining to the alleged error argued in this section of appellant's brief and, therefore, we could not consider it as a proper question to be decided on the appeal.
By his petition for rehearing appellant insists that his above quoted assignment of error was sufficient to enable him to argue as error by the trial court the admission of the exhibits in the evidence over his objection that they were irrelevant and immaterial to the issue on trial. We cannot agree that the argument appellant now seeks to inject under the above-quoted point in his brief is covered by the above-quoted assignment of error. Petition for rehearing must accordingly be denied, and our original opinion adhered to.
CARROLL, DONALD, K., and RAWLS, JJ., concur.
NOTES
[1] Grant v. State of Florida, Fla., 171 So.2d 361. Opinion filed January 8, 1965.
[2] Young v. State, (Fla. 1962) 140 So.2d 97, 98, 99; Phillips v. State, 88 Fla. 117, 101 So. 204.
[3] § 925.04, F.S.A.
[4] Perez v. State, (Fla. 1955) 81 So.2d 201, 204.
[5] McLendon v. State, 90 Fla. 272, 105 So. 406.
[6] Redditt v. State of Florida, (Fla. 1955) 84 So.2d 317.