LETTS, Chief Judge.
In this case, a police officer promised a juvenile that if he confessed he would not be charged. The State concedes that the admission of this confession would have been improper, but argues that a subsequent confession given and admitted after the promise was withdrawn rendered the initial promise harmless. We disagree and reverse.
Without need for extensive citation, it is universally conceded that a confession obtained by threat or promise is inadmissible. Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897); Howell v. State, 66 Fla. 210, 63 So. 421 (1913); Jarriel v. State, 317 So.2d 141 (Fla. 4th DCA 1975), cert. denied, 328 So.2d 845 (Fla.1976). In the present ease, the defendant, in response to the promise, made two successive statements which were in part inconsistent and untrue. At the close of the second statement, the officer remarked that the “deal was off.” However, the officer continued to exhort the defendant to be totally honest and tell all. The defendant then made a third statement which formed both the truth and the basis for his present predicament.
We agree that the promise had been withdrawn because the defendant had been caught in a lie. Nonetheless, it appears to us that he and his mother, who was also present, had every right to suppose that if *1081 he recanted and told the complete truth, the promise not to bring charges might be revived. We do not suggest that the defendant was specifically advised that the promise would be reactivated, but there was a strong inference that it would be, especially since the promise and all of the statements were made over the course of a three hour period during a single visit to the police station.
We would stress we do not find the police tactics used here to be reprehensible, but under the existing law laid down by the United States Supreme Court such a promise made the confession involuntary. The State concedes this youth was none too bright. Moreover, it is utterly consistent with any child’s upbringing to suppose he can escape punishment by truthfulness and candor. Accordingly, we are of the opinion that the child, once having been programmed to believe that complete honesty would solve his dilemma while lies would compound it, was entitled to assume that honesty would be his best policy. We think he was right in that assumption.
REVERSED AND REMANDED.
HERSEY and DELL, JJ., concur.